**STATE of Missouri, Plaintiff-Respondent,**

v.

**George WHITE, Defendant-Appellant.**

**No. 46337.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 18, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1983.

Application to Transfer Denied Jan. 17, 1984.

Debra Buie Arnold, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

A jury found appellant guilty of attempted burglary in the second degree. § 564.-011 RSMo.1978. He appeals from the resulting judgment convicting and sentencing him to five years' imprisonment as a persistent offender. § 558.016 RSMo.1978. The judgment is affirmed.

Appellant's sole contention on appeal is that the trial court erred in continuing the voir dire of the jury panel in defendant's absence, although appellant had been present during the beginning of the voir dire. The contention is devoid of merit.

Appellant does not question the sufficiency of the evidence to support his conviction. During the early morning hours of August 26, 1981, two police officers arrested appellant as he stood with his feet planted outside the front door of the Hudson Record Shop, and his upper torso leaning into the record shop through an opening beside the front door. The record shop was closed to the public and the proprietor had not given anyone permission to enter the premises when appellant was found there.

When the voir dire of the veniremen began, appellant, who had been released from custody on a $2,500 bond, was present in person and with counsel. Court had been in session for fifteen or twenty minutes when a short recess was called. Appellant failed to return to the courtroom after the

recess. Appellant's counsel requested that the voir dire be halted because of appellant's absence. The trial court denied the request because the case had been pending over a year and the appellant had already been granted seven continuances. The remainder of the voir dire and the trial itself were conducted in appellant's absence. Appellant reappeared for his sentencing.

 "... [I]n criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel ..." Mo. Const. Art. I, § 18(a). This right to appear may be voluntarily waived by the defendant. *State v. Ward,* 622 S.W.2d 354, 357[5] (Mo.App.1981). A rebuttable presumption that the defendant has voluntarily waived his right to appear arises when the defendant is free on bond and fails to appear. *State v. Drope,* 462 S.W.2d 677, 681[5] (Mo. 1971); *State v. Cotton,* 621 S.W.2d 296, 298[1, 2] (Mo.App.1981).

The issue is whether the evidence rebuts the presumption that appellant's absence when he was free on bond constitutes a voluntary waiver of his constitutional right to appear. Appellant has advanced no explanation for his absence; therefore, his absence was voluntary. See *State v. Cheeks,* 604 S.W.2d 30, 32[3, 4] (Mo.App.1980). What scant evidence there is appears to support rather than rebut the presumption of waiver because appellant's counsel reported to the trial court that he had told appellant before the recess not to go anywhere.

Appellant argues that *State v. Carpenter,* 541 S.W.2d 340 (Mo.App.1976) stands for the proposition that a defendant's absence constitutes a voluntary waiver only if the defendant had been informed by the court of the effect of his absence. *State v. Carpenter* does not stand for the proposition advanced by appellant; the court merely held that under the totality of the circumstances, the fact that the defendant in *State v. Carpenter* had been advised twice to behave or remove himself from the courtroom constituted a voluntary waiver of the defendant's Art. I § 18(a) constitutional right. The court gave no indication

that a trial court's warning was a *necessary* precondition to a waiver.

The judgment is affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.