Clint Allen **NAULS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–88–00115–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 14, 1988.

Kevin Schleicher, San Antonio, for appellant.

Fred G. Rodriguez, Cynthia Bivins, Paul Campolo, Michael L. Gebhart, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for credit card abuse. TEX.PENAL CODE ANN. § 32.31(b)(1)(A) (Vernon 1974). A jury found appellant guilty and assessed punishment at seven years' imprisonment and a fine of $5,000.00.

Appellant says in his first point of error that the trial court erred in conducting the trial in his absence. TEX.CODE CRIM. PROC.ANN. art. 33.03 (Vernon Pamphlet 1988) provides in pertinent part:

> In all prosecutions for felonies, the defendant must be personally present at the trial, ... provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment ..., or after the jury has been selected when the trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial ...

\* \* \* \* \* \*

The record shows that appellant entered his plea of not guilty on January 20, 1988, that the jury was selected, and that all parties and the jury were ordered by the trial court to be in court the following morning at 9:00 a.m. The record further contains a written statement of the court bailiff that on January 21, 1988, pursuant to the court's order, he called appellant's name on the steps of the courthouse but the appellant failed to appear.

At 9:47 a.m. the trial judge stated, "I told the Defendant in open court after the indictment was read to be present in this courtroom at nine o'clock. He is not present. We are going to proceed without him on the basis that he has voluntarily absented himself." After a motion in limine had been considered and ruled upon, counsel for appellant requested that the court "do a bond forfeiture on my client and have him brought in rather than proceeding without him." The trial court affirmed that the bond was being forfeited, "but we are in the midst of a trial and he has left voluntarily, and I'm not going to declare a mistrial for him." Counsel said, "Your Honor, we don't know that it is voluntary." The court replied that he was not there and was on bond. Counsel then requested that he be allowed to withdraw from the case if the trial was to proceed. That request was denied.

The record shows that appellant telephoned a clerk at the courthouse and the call was transferred to the clerk of the trial court about 12:30 p.m., January 21, the day of trial. That clerk instructed appellant to come to the court "immediately." He failed to appear. A verdict was returned by the jury later that afternoon.

A punishment hearing was conducted, and appellant was still absent. However, appellant was present in court at sentencing. And he was present at the hearing on the motion for new trial.

■ The issue on appeal is whether the trial court abused its discretion in continuing the trial in the absence of the appellant. *Moore v. State*, 670 S.W.2d 259, 260 (Tex. Crim.App.1984). In the present case no motion for continuance was made before the trial proceeded, nor did anyone offer any reason why appellant was absent. *See id.*

*Moore* addressed the question whether the trial court must have the knowledge, at the time it determines to proceed to trial, that the absence of a defendant is voluntary. The present trial court had some evidence before it to support its conclusion that appellant's absence was voluntary. Appellant was in court the afternoon before and was ordered to appear in that courtroom at 9:00 a.m. the next morning; he was on bond. Further, no one, including the appellant, communicated with the court or appellant's counsel to explain his absence. When he was told to appear in court by the clerk, he continued to absent himself. The trial court could infer from the circumstances before it at the time that appellant voluntarily absented himself, and could therefore proceed to trial and continue with the trial.

■ At the hearing for a new trial, a girlfriend of appellant testified that she suffered a medical emergency on the morning of the trial. She said her roommate could not take her to the hospital because the tires on her car were slashed. The girlfriend asked appellant to take her to the hospital. He complied. This was about 7:30 a.m. She underwent "laser surgery" about 8:45 a.m. She testified that

"someone" had to remain with her at the hospital. Appellant testified to the same information. He did not explain why, early that morning, he failed to notify the court or his counsel of these circumstances and where he was. He said he did not come to the court after his telephone call to the clerk because he thought, "... maybe the Court was over, everything had been solved I figured." He said he did not think he would have given his permission to someone else to drive his car to the hospital (the roommate) "It's not a cheap car. It's a valuable car."

Q: Your car is more important than coming to the Courthouse for your trial?

A: Sir, that's the decision I had to make. It was either me coming to court or her being ill. It beats staying at the house being ill.

In most instances the validity of a trial court's decision that a defendant's absence was voluntary will have to be determined in hindsight. *Moore v. State*, 670 S.W.2d at 261. Pertinent evidence developed after the initial ruling to proceed to trial should be considered. This may be at a hearing on a motion for new trial.

Although appellant presented evidence at the hearing, we cannot say that the evidence presented refutes the trial court's determination that his absence was voluntary. The evidence clearly reflects that appellant, of his own volition, made the decisions not to communicate with the court on the morning of trial and, further, not to report in person to the courtroom where the trial was in progress after the hospital episode. Thus, we will not disturb the trial court's finding. The point is overruled.

■ In a global point of error appellant says the evidence is insufficient to support the conviction. The elements of the offense to be proved in this case are: (1) a person (2) with intent to fraudulently obtain property or services (3) presents or uses (4) a credit card (5) with knowledge that the credit card has not been issued to him, and (6) with knowledge that the credit

card is used without the effective consent of the cardholder. *Baker v. State*, 593 S.W.2d 719, 720 (Tex.Crim.App.1980); TEX. PENAL CODE ANN. § 32.31(b)(1)(A) (Vernon 1974).

The "oyster shucker" in the oyster bar of the night club where the credit card was used testified he saw a black male present an American Express card to the bartender to purchase drinks. He identified the receipt that was signed. He also identified, without objection, the person in a photograph as the person who presented the credit card and signed the receipt. This was a photograph of appellant.

Two off-duty police officers employed as security officers at the club testified. When the first one identified appellant in the picture, appellant's counsel objected that the picture was "blurry" and not the best evidence. The objection was overruled. The second officer identified appellant in the picture without objection.

They related how appellant "broke and ran" as they were talking to him. He dropped a gold pen, which was later found to belong to the complainant in this case. He was apprehended and city officers arrested him. It was shown that complainant's pickup truck had been burglarized about one month before and his belongings taken, including the gold American Express card.

The complainant cardholder testified he did not know the person in the picture and had not given him or anyone permission to use his credit card. In addition, the court clerk testified that the person in the picture was the same person he had seen before, and his name was Clint Allen Nauls, the individual named in this cause.

In applying the standard for reviewing sufficiency of the evidence, we are not concerned with whether we believe the evidence. Rather, we ask whether there is evidence from which a trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See*

*Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim.App.1984). This court will view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We hold the evidence was sufficient to sustain the conviction.

Other contentions are included in this argument multifariously. We have also concluded that objections raised on appeal have been waived. *See Daniel v. State*, 668 S.W.2d 390, 393 (Tex.Crim.App.1984). These arguments concern alleged arrest without authority, police officers outside their city jurisdiction, improper admission into evidence of the photograph of appellant, the receipt improperly identified, American Express representatives not present to testify about use of the card, the gold pen not introduced into evidence, and no chain of custody established for the receipt or the pen.[1] These contentions have no merit.

No error has been shown. The judgment is affirmed.

---

1. In the second point of error, appellant merely referenced pages of the record. However, there is no citation of authorities nor argument to substantiate the claims. *See* TEX.R.APP.P. 74(f). In addition, Rule 52(a) specifies the method of preserving a complaint for appellate review.