709 A.2d 1244

**Larry Emmanuel DORSEY**

v.

**STATE of Maryland.**

**No. 45 Sept. Term, 1997.**

Court of Appeals of Maryland.

May 20, 1998.

Mark Colvin, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Devy Patterson Russell, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, JJ., and ROBERT L. KARWACKI, Judge (retired), Specially Assigned.

BELL, Chief Judge.

This case presents the issue of the propriety of a circuit court's dismissal of criminal charges against a defendant for failure of the State to bring the defendant to trial within 180 days, as required by Maryland Code (1971, Repl.Vol.1996), Article 27, § 591 [1] and Maryland Rule 4–271 [2], notwithstanding that it was the defendant's failure to appear on the scheduled trial date that resulted in the postponement of the case beyond the prescribed 180–day period. Stated differently, we must determine whether § 591 and Rule 4–271 impose a duty on the State to seek a postponement of trial beyond the 180–day limit and obtain a finding of good cause from the county administrative judge or that judge's designee, when a petitioner, either voluntarily or involuntarily, absents him or herself from trial. We shall hold that, where a criminal defendant

---

**1.** Maryland Code (1971, Repl Vol.1996), Article 27, § 591 provides:

"(a) *Setting the date.*—The date for trial of a criminal matter in a circuit court:
    (1) Shall be set within 30 days after the earlier of:
    (i) The appearance of counsel; or
    (ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and
    (2) May not be later than 180 days after the earlier of those events.
"(b) *Changing date.*—On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court date.
"(c) *Court rules.*—The Court of Appeals may adopt additional rules of practice for the implementation of this section in circuit courts."

**2.** Maryland Rule 4–271, implementing Article 27, § 591, provides, in pertinent part, as follows:

"(a) *Trial date in circuit court.* (1) The date for the trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall not be later than 180 days after the earlier of those events.... On motion of a party, or on the court's initiative, and for good cause, the county administrative judge or that judge's designee may grant a change to a circuit court trial date."

fails to appear at trial, that defendant bears the burden of going forward with evidence demonstrating that his or her failure to appear was not voluntary, but that the ultimate burden proof on the issue rests on the State; the State has the ultimate responsibility to prove that the defendant's absence was a voluntary action and, thus, tantamount to seeking and consenting to a trial date in violation of § 591 and Rule 4–271.

## I.

On October 2, 1995, the petitioner, Larry Emmanuel Dorsey, was indicted by a grand jury in the Circuit Court for Prince George's County on charges of child abuse and battery. On October 20, 1995, he was arraigned. Defense counsel entered her appearance on the petitioner's behalf on November 2, 1995. Section 591 and Rule 4–271, commonly referred to as the *Hicks* Rule, an eponym of the seminal case, *State v. Hicks,* 285 Md. 310, 403 A.2d 356, *on motion for reconsideration,* 285 Md. 334, 403 A.2d 368 (1979), requires that the trial date be set within 30 days, and that a criminal defendant be brought to trial within 180 days, after the earlier of the defendant's first appearance before the circuit court or the first appearance of defense counsel. Consequently, in this case, the 180–day period began to run on October 20, 1995, the date of the petitioner's arraignment. His trial was scheduled to commence on April 1, 1996, sixteen (16) days prior to the expiration of that period. On the day of trial, however, the petitioner, who had been released on bail, failed to appear. Defense counsel informed the trial court and the prosecutor that, on the previous evening, pursuant to counsel's advice, the petitioner had voluntarily turned himself in to Montgomery County authorities on an outstanding warrant in an unrelated case and was being held at that county's detention center. Presented with that information, the trial judge postponed the trial, revoked petitioner's bond, and issued a bench warrant to serve as a detainer on the petitioner following the resolution of the charges in Montgomery County. As indicated, § 591 and Rule 4–271 require postponements to be granted by the County administrative judge or the administrative judge's

designee. That judge was neither the administrative judge nor the administrative judge's designee.

Between April 1, 1996, the date of the postponement, and April 17, 1996, the date on which the 180–day period expired, the State did not request the administrative judge or his designee to make a finding of good cause to postpone the petitioner's trial beyond the 180–day period. Nor did the State seek to have a writ issued to have the petitioner brought to Prince George's County so that he may be tried within the 180–day period. The petitioner was not transported to Prince George's County until May 30, 1996, and no trial date having been set before the petitioner's return, trial was rescheduled by the trial court to commence on July 30, 1996, more than three months after the expiration of the prescribed period.

Prior to the commencement of trial, on June 19, 1996, the petitioner filed a Motion to Dismiss all charges against him on the grounds that, by failing to bring him to trial within the prescribed statutory period, and by failing to obtain a good cause finding and a postponement of the trial from the administrative judge or his designee during the period between the initial trial date and the expiration of the 180–day period, the State violated § 591 and Rule 4–271. Relying primarily on *Hicks* and its progeny, the petitioner argued:

"[T]he State had from April 1, 1996 to April 17, 1996 to either bring [the petitioner] to [t]rial by issuing a writ to have him brought to Prince George's County from Montgomery County since they were aware of his location or having the Administrative Judge or his designee continue the case or find good cause. The State chose to neither continue the case nor find good cause. The State chose to do neither of these. In *State v. Cook,* 322 Md. 93, 107 [585 A.2d 833, 840](1991) the Court of Appeals stated that, 'if there is postponement by the County Administrative Judge or designee, for good cause, that results in the case being set for [t]rial beyond the 180 day limit, the section and the rule are not violated; if there is no postponement meeting these criteria, setting a trial date beyond the 180 day limit constitutes a violation of the section and rule, for which

dismissal is the appropriate remedy.' Therefore, for all reasons given, the . . . case should be dismissed."

The State did not dispute that, under § 591 and Rule 4–271, the trial judge was not authorized to postpone the trial beyond 180 days. Rather, the State argued that, "[a] judge need not make an express finding of good cause for it to exist" when, quoting our decision in *State v. Parker*, 338 Md. 203, 210, 657 A.2d 1158, 1161, republished, 347 Md. 533, 540, 702 A.2d 217, 220 (1995), "it is patently obvious that [the] unavailability of the defendant for trial constitutes good cause for a postponement." At the motions hearing, the State further argued that the issuance of a bench warrant to serve as a detainer on the petitioner effectively tolled the 180–day period.

Unconvinced by the State's arguments, on June 28, 1996, the circuit court granted the petitioner's motion to dismiss, stating:

"This is the defendant Larry Emmanuel Dorsey's motion to dismiss the indictment against him, for an alleged violation of Rule 4–271, a mandate that he come to trial within 180 days either within his first appearance of the Court, or first appearance of counsel, unless the matter is continued by the Administrative judge or his designee for good cause shown.

"My review of the Court file and the documents submitted into evidence allows me to make the following findings of fact. On October 5th, 1995, Mr. Dorsey appeared before the Court for an arraignment, that was his first appearance before the Circuit Court on these charges. A trial was set for April 1st, 1996.

"Mr. Dorsey did not appear for that trial, having turned himself in on a bench warrant the day before in Montgomery County. That on April 1st, 1996, counsel for Mr, Dorsey notified both the Court and the prosecuting counsel that Mr. Dorsey was being held in the County Detention Center in Montgomery County.

"On April 1st, 1996, the trial judge, Judge Ahalt, issued a bench warrant as a detainer on these charges to hold Mr. Dorsey pending resolution of the charges in Montgomery County. April 17th, 1996, 180 days from Mr. Dorsey's first

appearance on October 20th, 1996—that should be '95. On April 1st, 1996, Judge Ahalt was neither the Administrative Judge of the Circuit Court of Prince George's County, nor the administrative judge's designee for the purpose of Rule 4–271.

"There had been no finding of good cause by either the Administrative Judge or his designee within the 180 days mandated by Rule 4–271. That Mr. Dorsey was not brought to trial within the 180 days as mandated by Rule 4–271. Consequently, I find a violation of Rule 4–271, and that mandates that I dismiss the indictment against Larry Emmanuel Dorsey, and I do so."

The State noted an appeal to the Court of Special Appeal. That court reversed the trial court's judgment. *State v. Dorsey,* 114 Md.App. 678, 691 A.2d 730 (1997). The intermediate court offered three "alternative and independent" reasons for the reversal. First, it concluded that "[t]here is a distinction ... between conscious requests for postponements and deliberate decisions to grant postponement, on the one hand, and other legal decisions that do not implicate 'postponement policy' in any way, on the other hand, but which may, coincidentally, produce postponements." *Dorsey,* 114 Md.App. at 693, 691 A.2d at 737. Elaborating on that point, the court observed:

"We have not been provided a transcript of the colloquy before the judge that morning, but we have no indication that the attorneys were requesting a postponement or arguing the pros and cons of postponement. The issue advertently before the court was not whether a postponement should be granted, but whether the trial could proceed in the absence of the defendant. A postponement might be the inevitable consequence of a negative decision on a trial *in absentia,* but it was not the key issue before the court. It was simply a possible consequence of another decision on another issue."

*Id.* at 696, 691 A.2d at 739.

The intermediate court's second reason was that, even if the trial court made a deliberate decision to postpone the trial

date within the meaning of § 591 and Rule 4–271, that decision was "substantively unassailable" because a defendant's unavailability constitutes good cause for a postponement, as a matter of law. *Id.* at 698, 691 A.2d at 740. Moreover, the Court of Special Appeals went on to hold that a good cause finding by the administrative judge or that judge's designee was unnecessary because, relying upon its holding in *Simms v. State*, 83 Md.App. 204, 210, 574 A.2d 12, 15, *cert. denied*, 321 Md. 68, 580 A.2d 1077 (1990), "[t]here was no special 'expertise' or policy consideration or calendar overview that an administrative judge could have contributed." *Dorsey*, 114 Md.App. at 701, 691 A.2d at 741. Stated differently, because the trial judge had no discretion to exercise, no choice but to postpone the trial in the petitioner's absence or, in a rare case, try the petitioner *in absentia*, an option not reserved exclusively for exercise by the administrative judge, the Court of Special Appeals opined that "[t]he administrative judge [w]ould have done nothing different." *Id.*

The final independent and alternative reason that the Court of Special Appeals offered for reversing the trial court's grant of the motion to dismiss was its conclusion that the petitioner's actions clearly demonstrated that the petitioner sought a trial date in violation of the *Hicks*'s 180–day rule. The court explained:

"[T]he [petitioner], by his deliberate actions, sought to bring about the necessary postponement of his scheduled April 1 trial. He only turned himself in to Montgomery County authorities the evening before trial after consulting his attorney. We conclude that he was fully appraised of the necessary consequences that would flow from that action. Whether he deliberately *sought* to manipulate the system so as to cause a *Hicks* problem or whether he simply sought to avoid trial on April 1, the common denominator end that he *sought* was that he would not go to trial on that day."

\* \* \* \*

"Whatever his motive, noble or ignoble, [the petitioner] consciously and deliberately and with full advice of counsel

sought to forfend his scheduled trial date of April 1. His was no mere verbal request which could have been denied. He, rather, created a situation where *the end he was seeking* was a guaranteed result. His calculated actions made the result inevitable. He may not now reap the reward of never having to answer for his crimes because the judge who was forced to deliver to him *the very result he sought* happened to be an ordinary judge rather than an administrative judge."

*Id.* at 703, 691 A.2d at 742 (emphasis in original).

The petitioner sought review of the decision of the Court of Special Appeals by filing in this Court a Petition for Certiorari. We granted the petition in order once again to clarify the application of the *Hicks* Rule. *Dorsey v. State,* 346 Md. 242, 695 A.2d 1230 (1997). In this Court, as he did in the trial court, the petitioner argues that "[b]ecause the postponement that carried [his] case beyond the 180–day limit was not granted or approved by the administrative judge or by that judge's designee, and because '[t]he statute and rule do not contemplate or permit the exercise of postponement authority by anyone other than one with the authority of an administrative judge,' *Capers v. State,* [317 Md. 513, 520–21, 565 A.2d 331, 334 (1989)], the charges against [him] were properly dismissed."

The petitioner challenged the intermediate appellate court's rationale *seriatim.* Addressing the Court of Special Appeals' first rationale, the petitioner contends that the record in this case does not support the conclusion that the issue "advertently" before the trial court on April 1, 1996 was whether he should be tried *in absentia* rather than whether the trial should be postponed. To the contrary, he insists further, the trial court's decision and actions at the initial trial date "constitute[ ] a postponement within the meaning of § 591 and Md. Rule 4–271 regardless of whether or not it represents a 'deliberate' decision to grant a postponement." Respecting the intermediate appellate court's second rationale, the peti-

tioner maintains that *Simms* "is in direct conflict with the long line of decisions of this [C]ourt holding that under § 591 and Rule 4–271 *every* postponement of the trial date must be granted or approved by the administrative judge or his designee." The petitioner is no more persuaded by the third and final basis of the Court of Special Appeals' decision. While he acknowledges that dismissal of the charges is inappropriate where the defendant "seeks or expressly consents" to a trial date in violation of § 591 and Rule 4–271, that does not apply here, the petitioner submits; the record, he asserts, does not support such a conclusion. "The record," he points out, "does not show when the Montgomery County bench warrant was issued or how long Petitioner or defense counsel had known of its existence." Furthermore, he proffers:

> "The State introduced no evidence that defense counsel's purpose in advising Petitioner to turn himself in on the Montgomery County warrant was to obtain a postponement of the April 1 trial date in this case or that Petitioner turned himself in for that purpose, and [the trial judge] made no such finding of fact. In short, the record does not support the Court of Special Appeals's conclusion that postponement of the trial in this case was the end that Petitioner was seeking when he turned himself in on the Montgomery County warrant."

These are matters that the petitioner views as critical to the factual determination necessary to a finding that he sought or expressly consented to a trial date in violation of the 180 day period.

The State, in opposition, essentially reiterates the points and observations made by the Court of Special Appeals. It urges this Court to affirm that court's judgment. We shall affirm the decision of the intermediate appellate court; however, we do so for reasons different than those relied upon by that court. That we affirm, therefore, is neither an adoption nor an endorsement of the intermediate appellate court's three alternative rationales or grounds.

## II.

### (a)

Article 27, § 591, originally enacted by the General Assembly in 1971, *see* ch. 212, Acts of 1971, and Maryland Rule 4–271, the successor of former Maryland Rules 746 and Rule 740, adopted by this Court in 1977 and 1972, respectively, codify and implement the chief legislative objective that "there should be a prompt disposition of criminal charges in the circuit courts." *Hicks,* 285 Md. at 334, 403 A.2d at 369. Indeed, in that case, commenting on the legislative intent underlying § 591, we stated:

> "Section 591 is plainly a declaration of legislative policy designed to obtain prompt disposition of criminal charges; its enactment manifested the legislature's recognition of the detrimental effects to our criminal justice system which result from excessive delay in scheduling criminal cases for trial and in postponing scheduled trials for inadequate reasons."

*Id.* at 316, 403 A.2d at 359. The same point has been reiterated in subsequent cases, often quoting that passage. *See e.g., Goins v. State,* 293 Md. 97, 108, 442 A.2d 550, 556 (1982); *State v. Cook,* 322 Md. 93, 96, 585 A.2d 833, 834 (1991). Similarly, with respect to Rule 4–271, we have observed that "[t]he purpose of the rule is to promote the expeditious disposition of criminal cases," *Rosenbach v. State,* 314 Md. 473, 479, 551 A.2d 460, 463 (1989), and "to 'put teeth' into the statutory requirements governing the assignment of criminal cases for trial." *State v. Frazier,* 298 Md. 422, 427, 470 A.2d 1269, 1272 (1984) (quoting *Hicks* 285 Md. at 318, 403 A.2d at 360). *See also Goins,* 293 Md. at 109, 442 A.2d at 556 ("[R]ules of procedure setting forth requirements in mandatory terms are not guides to the practice of law but precise rubics established to promote the orderly and efficient administration of justice and . . . are to be read and followed.") (quoting *State v. Ricketts,* 290 Md. 287, 292, 429 A.2d 1025, 1027 (1981) (quoting *Countess v. State,* 286 Md. 444, 463, 408

A.2d 1302, 1311 (1979))), and cases cited therein (internal quotation marks omitted)

▇▇▇ Consistent with, and to facilitate the achievement of, their objective, both § 591 and Rule 4–271, "set forth a definite time requirement for the trial of criminal cases and an explicit procedure for postponing a case beyond the 180–day limit." *Goins,* 293 Md. at 109, 442 A.2d at 556. Both mandate that a criminal defendant must be brought to trial within 180 days after the earlier of the arraignment of the defendant or the appearance of defense counsel. In the event that a defendant cannot be brought to trial within 180 days, the county administrative judge or his designee must make a finding of good cause justifying the postponement of the trial date beyond the prescribed time limit. Accordingly, postponements that cause the scheduling of a criminal trial beyond the 180 day period must be granted by the county administrative judge or his designee and must be supported by good cause. *State v. Brown,* 307 Md. 651, 657–58, 516 A.2d 965, 968 (1986). "Neither the accused nor the prosecution nor the trial court are empowered to dispense with the mandates of § 591 and Rule [4–271]." *Id.* Hence, we have determined that the mechanism established by the statute and the rule meet the intended objectives as it affords reasonably prompt trials, and eliminates excessive scheduling delays and unjustifiable postponements. *See id.; Farinholt v. State,* 299 Md. 32, 41, 472 A.2d 452, 456 (1984). Additionally, the mechanism of the *Hicks* Rule serves as a means of protecting society's interest in the efficient administration of justice. The actual or apparent benefits of § 591 and Rule 4–271 confer upon criminal defendants are purely incidental. *See Calhoun v. State,* 299 Md. 1, 11–12, 472 A.2d 436 (1984); *Curley v. State,* 299 Md. 449, 460, 474 A.2d 502 (1984); *Frazier,* 298 Md. at 456, 470 A.2d at 1286–87; *Marks v. State,* 84 Md.App. 269, 277, 578 A.2d 828, 832 (1990).

In *Hicks,* this Court overruled *Young v. State,* 15 Md.App. 707, 292 A.2d 137, *summarily aff'd,* 266 Md. 438, 294 A.2d 467 (1972), which had held that "the provisions of § 591 were intended by the legislature to be directory and not mandatory

because it had not explicitly provided the extreme sanction of dismissal of an indictment for administrative noncompliance." *Hicks,* 285 Md. at 316, 403 A.2d at 359. In reversing, we interpreted § 591 and Rule 4–271 as mandatorily requiring all circuit court criminal cases to be tried within 180 days, and, where trial has not commenced within the prescribed period, the county administrative judge or his designee to find good cause for the postponement of the trial and the rescheduling of it beyond the 180–day period.

We also held in *Hicks* that where there is no postponement of the scheduled date of trial by the administrative judge, dismissal of the charges is the appropriate sanction.

> "The provisions of Rule 746 [, the predecessor of Rule 4–271,] are of mandatory application, binding upon the prosecution and defense alike; they are not mere guides or bench marks to be observed, if convenient. Accordingly, ... Rule 746 is mandatory and ... dismissal of the criminal charges is the appropriate sanction where the State fails to bring the case to trial within the ... period prescribed by the rule and where 'extraordinary cause' [now, 'good cause'] justifying a trial postponement has not been established." [3]

285 Md. at 318, 403 A.2d at 360. The sanction of dismissal, we determined, "is not for the purpose of protecting a criminal defendant's right to a speedy trial; instead, it is a prophylactic measure to further society's interest in trying criminal cases within 180 days." *State v. Brown,* 307 Md. 651, 658, 516 A.2d 965, 968 (1986) (citing *Farinholt,* 299 Md. at 41, 472 A.2d at 456; *Calhoun v. State,* 299 Md. 1, 11–12, 472 A.2d 436 (1984)).

■ The obligation of bringing a criminal defendant to trial within the prescribed period, it is well settled, is not the defendant's, but the State's. *Hicks,* 285 Md. at 320, 403 A.2d at 361; *Goins,* 293 Md. at 110, 442 A.2d at 556–57. On the other hand, this Court has recognized that there are certain

---

**3.** When *Hicks* was decided, the time period set forth in Rule 746 was 120; it was later changed to 180 days. Similarly, the "extraordinary cause" requirement of § 591 and Rule 746 was changed to "good cause."

limited circumstances, in which dismissal is not the appropriate sanction for a violation of § 591 and Rule 4–271. We described one such circumstance in *Hicks:*

"A ... circumstance where it is inappropriate to dismiss the criminal charges is where the defendant, either individually or by his attorney, seeks or expressly consents to a trial in violation of Rule 746. It would, in our judgment, be entirely inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation. In this respect, the situation is analogous to the well-established principle that a criminal defendant who seeks or expressly consents to a mistrial, even though the required 'manifest necessity' standard for the mistrial may have been absent, cannot take advantage of his own act and prevent a retrial on double jeopardy grounds."

285 Md. at 335, 403 A.2d at 369. *See also Goins,* 293 Md. at 107–08, 442 A.2d at 555–56; *Frazier,* 298 Md. at 447 n. 17, 470 A.2d at 1282 n. 17; *Pennington,* 299 Md. at 28, 472 A.2d at 450; *Farinholt,* 299 Md. at 39–40, 472 A.2d at 455–56; *Brown,* 307 Md. at 658, 516 A.2d at 968–69. To be sure, *"Hicks* carefully limited this exception to the situation where the defendant seeks or *expressly* consents to a trial date in violation of the rule." *Goins,* 293 Md. at 108, 442 A.2d at 550 (emphasis in original). Also, our principal rationale for the "seeks or expressly consents" exception is that the defendant, who, in one of the two ways, violated the 180–day, should gain no advantage from such violation. *Hicks,* 285 Md. at 335, 403 A.2d at 369; *Farinholt,* 299 Md. at 39–40, 472 A.2d at 455–56; *Brown,* 307 Md. at 658, 516 A.2d at 968–69.

In cases subsequent to *Hicks,* we have clarified to some extent, the boundaries of the exception. Thus, we have explained that "[b]eing dilatory in raising an insanity defense," for example, "is not seeking or *expressly* consenting to trial date in violation of § 591 and Rule [4–271]." *Goins,* 293 Md. at 108, 442 A.2d at 556 (emphasis in original)("At best, [dilatory conduct] might arguably constitute an *implied* consent to a postponement of the trial date, depending upon the circumstances."). We have also pointed out that a defense attorney's

failure to object at the time when a case is being postponed to a date beyond 180 days does not ordinarily constitute express consent, as contemplated in *Hicks,* to a trial date in violation of the 180 day rule. *Frazier,* 298 Md. at 447, n. 17, 470 A.2d at 1282 n. 17. Similarly, we have made clear that, confronted with a scheduling conflict, a defense counsel's mere request for, and obtaining of, a postponement of a trial date does automatically constitute seeking and consenting to a postponement in violation of *Hicks,* at least where there remains significant time to permit the rescheduling of the trial date before the expiration of the period. *Pennington,* 299 Md. at 28–29, 472 A.2d at 450. In that case, we explained:

> "In the case at bar, there is nothing in the record before us indicating that the defendant or his attorney expressly consented to the August 6, 1982, trial date. We would agree that when a defendant or his attorney, in the latter portion of the 180–day period, seeks the postponement of a previously assigned trial date, and the newly assigned trial date is beyond 120 days, it could reasonably be concluded that such defendant has sought a trial date in violation of the rule. On the other hand, when a defendant's attorney on February 6th seeks a postponement of a March 11th trial date because of a scheduling conflict on that day, it is not reasonable to infer that he is seeking a trial date beyond June 7th absent any evidence in the record supporting such inference. When the defendant's motion for a postponement was made in this case, there remained 121 days before the deadline set forth in § 591 and Rule 746. Nothing in the record before us suggests that the defendant's attorney knew, or should have known, that the next available trial date might be beyond the 180–day deadline."

*Id.* Thus, more than a request for postponement and consent to a new trial date, the facts and circumstances of the case must also be considered.

Where, however, a defendant files in the trial court a document entitled, "Waiver of Maryland Rule 746 Requirements," which recites that he had "been advised by counsel, of the right to a prompt disposition of this case," and that he

"hereby waives the time requirements from appearance of Defendant before the Court ... to trial (180 days)," that defendant was held to have expressly consented to the postponement in violation of § 591 and Rule 4–271. *Brown,* 307 Md. at 659, 516 A.2d at 969. While this Court noted that "a defendant is not empowered to 'waive' the time requirements of § 591 and Rule [4–271]," *id.,* we observed that "[t]here [was] no qualification, limitation or condition upon the consent given by the defendant." *Id.* Thus, we held that "[t]he language used [in the document defendant filed in the trial court] constitutes an express and unambiguous consent to a trial date in violation of § 591 and Rule [4–271]." *Id.* We concluded, "[a]s the defendant Brown unqualifiedly and expressly consented to a trial date in violation of § 591 and Rule [4–271], the sanction of dismissal is not appropriate even if the statute and rule were violated." *Id.* at 661, 516 A.2d at 970.

A much clearer case of a defendant seeking and consenting to a postponement is *Farinholt v. State,* 299 Md. 32, 472 A.2d 452 (1984). There, the defendant having agreed to, and indeed, sought postponements on three occasions, one of which resulted in a trial date in violation of the 180 day limit, objected to the State's request for a further postponement. He argued that the dismissal sanction of § 591 and Rule 4–271 nevertheless applies to postponements subsequent to an earlier one in compliance with the rule and statute, and that if the subsequent postponement is granted in violation of the statute and the rule, the case is subject to dismissal. *Id.* at 39, 472 A.2d at 455. Rejecting this argument, this Court found it unnecessary to review the substantive merits of the challenge, it being clear that the defendant had sought and expressly consented to a trial date in violation of § 591 and Rule 4–271 and, therefore, would not be permitted to benefit from his own act. *Id.* at 40–41, 472 A.2d at 455–56. We stated:

"We need not decide whether the postponement on October 27, 1981, complied with § 591 and Rule [4–271]. If it be assumed arguendo that the October 27th postponement violated the statute and rule, either on the theory that the postponement was not effected by the administrative judge

or his designee, or on the theory that good cause was lacking, the defendant could gain no advantage from such violation."

*Id.* Expounding upon our earlier admonitions in *Hicks* and *Frazier*, 298 Md. at 428, 470 A.2d at 1269 ("The critical order by the administrative judge, for purposes of the dismissal sanction, is the order having the effect of extending the trial date beyond 180 days."), we concluded:

"[T]he dismissal sanction for violating § 591 and Rule 746 should only be applied when it is needed, as a prophylactic measure, to further the purpose of trying a circuit court criminal case within 180 days. Once a postponement beyond the 180–day deadline is ordered in accordance with § 591 and Rule 746 (or upon the defendant's motion or with his express consent), it would not further this purpose to utilize the dismissal sanction for subsequent violations of the statute and rule. The sanctions for such subsequent violations must be ones of internal judicial administration, relating to circuit court personnel and/or procedures."

*Id.* at 41, 472 A.2d at 456 (citing *Hicks*, 285 Md. at 335, 403 A.2d at 369).

### (b)

In the present case, the petitioner argues that because his detention in Montgomery County precluded him from appearing at trial at the Prince Georges' County circuit court on April 1, 1996, sixteen (16) days before the 180–day period expired, the State had an obligation to get him to trial before the 180–day period expired or to seek a postponement of trial from the administrative judge or that judge's designee, pursuant to § 591 and Rule 4–271. We disagree.

Section 591 and Rule 4–271 imposed a duty on the State to ensure that the petitioner was brought to trial within 180 days of his arraignment or to obtain a postponement based on good cause from the county administrative judge or designee. "The defendant has no duty to bring himself to trial; the State has that duty." *Hicks*, 285 Md. at 320, 403

A.2d at 361; *Goins*, 293 Md. at 109–10, 442 A.2d at 556; *Frazier*, 298 Md. at 429, 470 A.2d at 1273.

When, as here, a criminal defendant fails to appear on the day of the scheduled trial, the question presented and, thus, the determination to be made is whether the defendant is seeking a trial date beyond the 180–day limit. That is an inquiry that is dependent upon whether the defendant's non-appearance is voluntary or involuntary and that inquiry is informed by the facts and circumstances surrounding it. It is, in short, a question of fact, addressed to the trial court. If the trial court, as the fact-finder, concludes, based on the facts and evidence presented by both the defendant and the State, that the defendant's failure to appear at trial was deliberate, a voluntary act, then it will find that the defendant has sought, and consented to, a trial date in violation of § 591 and Rule 4–271. In that event, although the State is not relieved of its obligations with respect to bringing the defendant to trial, dismissal is not the mandated sanction. Conversely, if the trial court finds that the defendant's absence was involuntary, due to circumstances outside the control of the defendant, then it will have determined that the defendant did not seek or consent to a trial date outside the 180–day limit. In that event, the State's responsibility to bring the defendant to trial before the 180–day period expired or to seek a postponement of trial from an administrative judge or designee in accordance to § 591 and Rule 4–271 will not have been affected, with the result that, if the period has then expired, the case will have to be dismissed. *Hicks*, 285 Md. at 318, 403 A.2d at 368.

In presenting evidence on the issue of voluntary absence, the defendant bears the initial burden, namely, the burden of producing or going forward with affirmative evidence on the issue. "The burden of producing evidence on an issue means the liability to an adverse ruling (generally a finding or directed verdict) if evidence on the issue has not been produced. It is usually cast first upon the party who has pleaded the existence of the fact ." *McCormick on Evidence*, § 336 at 568 (4th Ed.1992). That burden is discharged when

the defendant has presented sufficient evidence to support a finding that his or her absence resulted from circumstances beyond his or her control and through no fault attributable to the defendant. *See* 9 Wigmore, *Evidence*, § 2487 (Chadbourn rev.1970). The State bears the ultimate burden of persuasion to prove by the preponderance of the evidence that the defendant's failure to appear at trial was deliberate and voluntary and was an effort to seek a trial date in violation of § 591 and Rule 4–271. *See generally Hof v. State*, 337 Md. 581, 605–06, 655 A.2d 370, 382 (1995); *State v. Kidd*, 281 Md. 32, 37–38, 375 A.2d 1105, 1109 (1977), *cert.denied*, 434 U.S. 1002, 98 S.Ct. 646, 54 L.Ed.2d 498 (1977)(preponderance standard applies in criminal cases to the State's proof of preliminary factual matters).

▮▮▮▮ In the instant case, defense counsel merely informed the trial court that the petitioner would not be appearing for trial because he had turned himself in, on an outstanding arrest warrant, that past evening, to the Montgomery County police and was then being held at the Montgomery County Detention Center. Defense counsel did not inform the court, and certainly did not present any evidence, concerning when the Montgomery County warrant was issued, what it was for, when the petitioner or defense counsel learned of its existence, or any other matter bearing on whether the petitioner's non-appearance was involuntary. What the defense produced was not sufficient to shoulder its burden of producing evidence showing that the petitioner's absence was not voluntary; it simply did not generate an issue of the petitioner's voluntariness. This evidence, alone, was insufficient, as a matter of law, for the trial court to conclude that the petitioner's absence from trial was involuntary. Moreover, to the contrary and in any event, the record supports a finding that the petitioner made a deliberate, voluntary decision not to appear for trial and, thereby, sought to force a postponement of the trial. That inference would easily flow from the facts that the petitioner appeared at his arraignment, at which he was informed of the April 1, 1996 trial date. Notwithstanding, on the advice of his counsel, the petitioner turned himself in to

the Montgomery County authorities on an outstanding warrant in an unrelated case, without, as far as we are told, assurances that he would be able to appear in Prince George's County on the next day. Certainly, it was predictable that a direct consequence of turning himself in on the evening prior to the commencement of his scheduled trial in Prince George's County could and would be that he would be unable to be present at trial in Montgomery County. What we observed in *Barnett v. State,* 307 Md. 194, 208, 512 A.2d 1071, 1078 (1986) (quoting *State v. LaBelle,* 18 Wash.App. 380, 397–98, 568 P.2d 808, 818 (1977)) has particular relevance to this case:

> "[W]hen a criminal defendant is present at arraignment, enters a plea, receives actual notice of the time, date and place of the trial, deliberately absconds without compelling reason, is represented by counsel at trial, and never offers a satisfactory explanation for his absence, a trial count may find such actions on the part of a defendant to amount to a knowing and voluntary [absence.]"

*Cf. Stone v. State,* 344 Md. 97, 106, 685 A.2d 441, 445 (1996)(there, defendant, incarcerated in Pennsylvania, made an attempt but was unable to invoke the Interstate Agreement on Detainers to appear for circuit court trial, so failure to appear was not voluntary). A defendant's failure to explain his or her absence risks a finding that the absence is voluntary. *See Lewis v. State,* 91 Md.App. 763, 770–73, 605 A.2d 988, 991–92 (1992) and cases cited therein.

Here, the petitioner's absence was voluntary, the effect of which was to force postponement of his trial. His absence, therefore, was tantamount to seeking a trial date in violation of § 591 and Rule 4–271. And, as we have already stated, when a defendant seeks a postponement of a trial date beyond the 180–day period, he will not be heard to complain. *Farinholt,* 299 Md. at 40–41, 472 A.2d at 455–56. A defendant, who seeks or expressly consents to a trial date in violation of § 591 and Rule 4–271, will gain no advantage from such violation. *See Hicks,* 285 Md. at 335, 403 A.2d at 369; *Brown,* 307 Md. at 658, 516 A.2d at 968–69; *Pennington,* 299

Md. at 28–29, 472 A.2d at 451; *Farinholt,* 299 Md. at 39–40, 472 A.2d at 455–56.

JUDGMENT AFFIRMED, WITH COSTS.