**David GONZALES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49187.**

Court of Criminal Appeals of Texas.

Nov. 27, 1974.

Charles W. Cromwell, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., John Potter, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment, imprisonment for forty years. The appellant complains in two grounds of error that he was tried and sentenced *in absentia.*

The appellant who was free on bail was present in court during the selection of the jury and entered a plea of not guilty. He failed to appear in court the next morning. The court proceeded with the trial. The jury found appellant guilty. A punishment hearing was held, and the court assessed punishment. The appellant was present in court when he was sentenced. The trial court made an undisputed finding that the appellant had voluntarily absented himself from the trial after he

pleaded not guilty to the indictment. When a defendant voluntarily absents himself after entering a plea to the indictment the trial may proceed to its conclusion. Arts. 33.03 and 37.06, Vernon's Ann.C.C.P. The appellant waived his right to be personally present at the trial. The court did not err in proceeding with the trial. Reed v. State, 172 Tex.Cr.R. 122, 353 S.W.2d 850 (Tex.Cr.App.1962); Johnston v. State, 477 S.W.2d 891 (Tex.Cr.App.1972); Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); Taylor v. United States, 414 U.S. 17, 94 S.Ct. 194, 38 L. Ed.2d 174 (1973); cf. Rule 43, Fed.Rules Crim.Proc.

The judgment is affirmed.