Louis PAPAKOSTAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–02–428–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 26, 2004.

William Edward May Jr., Attorney At Law, Corpus Christi, for Appellant.

Carlos Valdez, Nueces County District Atty., and Joe C. Lockhart, Asst. District Atty., Corpus Christi, for Appellee.

Before Justices HINOJOSA, CASTILLO, and BAIRD.[1]

## OPINION

Opinion by Justice BAIRD.

Appellant was charged by indictment with the offense of burglary of a habitation. A jury convicted appellant of the charged offense, and the trial judge assessed punishment at eight years confinement in the Texas Department of Criminal Justice—Institutional Division and a fine of $2,500. We affirm.

### I. Factual Summary.

Prior to trial, appellant elected to have the trial judge assess punishment in the event he was convicted. That conviction occurred on September 11, 1987, and the jury was excused. On October 9, 1987, the scheduled date for the punishment hearing, appellant failed to appear. The trial judge proceeded with the punishment phase of appellant's trial. At the conclusion of that hearing, the trial judge assessed appellant's punishment, and stated: "Now, I understand that sentence cannot be imposed in absentia, so we cannot have formal imposition of sentence, at this time." Fifteen years later, on May 30, 2002, appellant was formally sentenced.

### II. Assessment of Punishment, In Absentia, by Trial Judge.

■ Appellant's first point of error contends the trial judge erred in assessing punishment in appellant's absence. At first blush, this case seems to be controlled by *Gonzales v. State*, 515 S.W.2d 920 (Tex. Crim.App.1974), wherein the Court considered a similar factual situation. *See id.* at 920. In that case, after the defendant voluntary absented himself: "The court proceeded with the trial. The jury found appellant guilty. A punishment hearing was held, *and the court assessed punishment.*" *Id.* (emphasis added). The plain language of this opinion supports the trial judge's actions in the instant case-he proceeded to assess punishment after the jury found appellant guilty.

■ Appellant contends *Gonzales* is not controlling because the governing statute, article 33.03 of the Texas Code of Criminal Procedure was amended after *Gonzales* was decided. Article 33.03 provides:

In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after plead-

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas.

*See* TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp.2004).

ing to the indictment or information, *or after the jury has been selected when trial is before a jury*, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.

TEX.CODE CRIM. PROC. ANN. art. 33.03 (Vernon 1989) (emphasis added).[2]

Appellant argues the italicized phrase in this article permits the trial judge to continue with the trial in absentia only when the trial is before a jury. Based on this premise, appellant asserts the trial judge lacked authority to proceed with the punishment hearing in appellant's case because the issue of punishment was to be determined by the judge, not the jury.

We decline to adopt appellant's premise. Instead, we read this phrase as modifying the preceding phrase, which deals with bench trials. Under this reading, in a bench trial, "the trial may proceed to its conclusion" if the defendant voluntarily absents himself "after pleading to the indictment or information." However, in a jury trial, "the trial may proceed to its *conclusion*" *only* if "the defendant voluntarily absents himself after the jury has been selected." This reading is consistent with *Miller v. State*, 692 S.W.2d 88 (Tex.Crim. App.1985), which discussed the history of article 33.03 and explained that the article was revised to "incorporate existing case law into the statute." *Id.* at 92. Accordingly, the revision incorporated the holding of *Gonzales.* Consequently, *Gonzales* is controlling.[3]

Further, we note that appellant's interpretation would potentially permit him to benefit from his misconduct. If the trial judge was not permitted to proceed to the assessment of punishment, the State could possibly lose relevant evidence in the interim between the defendant's voluntary absence and his return to court. Also, the judge responsible for assessing punishment may not be available. For example,

---

**2.** Texas Rule of Appellate Procedure 21.3 provides for a new trial "when the defendant has been unlawfully tried in absentia." *See* TEX. R.APP. P. 21.3. The trial judge's determination that the absence is voluntary is subject to an abuse of discretion review. *Moore v. State*, 670 S.W.2d 259, 261 (Tex.Crim.App.1984). In most instances, the appellate court must determine, from hindsight, the validity of the trial judge's determination that the defendant's absence was voluntary. *Hudson v. State*, 128 S.W.3d 367, 375 (Tex.App.-Texarkana 2004, no pet.). Appellant does not contest the voluntariness determination. Rather, appellant acknowledges that, when he was formally sentenced, the trial judge ordered him to return to court. Appellant further conceded in his motion for new trial that his absence was voluntary.

**3.** The *Miller* Court explained that article 33.03 was revised, in part, to close the window "through which conceivably an accused could escape prosecution altogether." *Miller v. State*, 692 S.W.2d 88, 92 (Tex.Crim.App. 1985). The Court explained the scenario as follows:

> An accused is present during the voir dire of the jury and is present as the jurors are impaneled and sworn. During a break before his plea is entered before the jury, the accused absconds. Under Article 33.03 as it read prior to the amendment in 1979, the trial *cannot* proceed in his absence, voluntary though it is, and the jury is dismissed. However, future prosecution, should the accused later be recaptured, is arguably barred by double jeopardy, since appellant was present when the jury was impaneled and sworn, and therefore under *Crist v. Bretz*, [437 U.S. 28 (1978), [98 S.Ct. 2156]], jeopardy has attached!

*Id.* at 92 n. 9.

in the instant case the trial judge had retired in the intervening fifteen years since appellant voluntarily absented himself.

Accordingly, we hold article 33.03 authorizes a defendant's punishment to be assessed in absentia regardless of whether the punishment is to be assessed by the trial judge or the jury.[4] Accordingly, appellant's first point of error is overruled.

### III. Voluntary Absence and Due Process.

■ The second point of error contends the trial judge denied appellant due process of law by assessing punishment in absentia. [N]otice and hearing ... together with a legally competent tribunal having jurisdiction of the case, constitute basic elements of the constitutional requirement of due process of law. *Powell v. Alabama,* 287 U.S. 45, 68, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

■ The State contends this point of error is not preserved because appellant did not raise this argument either on October 9, 1987, or on May 30, 2002. As a general rule, to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection or motion, stating the specific grounds for the requested ruling if the specific grounds are not apparent from the context and obtain a ruling. Tex.R.App. P. 33.1(a). Some errors of a constitutional magnitude, such as alleged denials of due process, are waived absent a timely objection in the trial court. *Rogers v. State,* 640 S.W.2d 248, 263–65 (Tex.Crim.App.1981) (op. on reh'g); *Ramirez v. State,* 89 S.W.3d 222, 231 (Tex.App.-Corpus Christi 2002, no pet.).

■ In the instant case, on October 7, 1987, when the trial judge denied appellant's motion for continuance and made clear his intent to assess punishment in absentia, defense counsel complained that appellant had no notice of the hearing. Because notice is an essential component of due process, we hold defense's counsel's remarks were sufficient to make the trial judge aware of appellant's complaint and preserve the due process claim for our review.[5]

■ We now turn to the merits of appellant's due process claim. The due process requirement of notice includes "full and complete notification" of the charges

---

4. It is important to note the distinction between assessing punishment and pronouncing sentence. The assessment of punishment is governed by article 37.07 of the code of criminal procedure. *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 2 (Vernon Supp.2004). Once assessed, the punishment is reflected in the defendant's sentence. *See* Tex.Code Crim. Proc. Ann. art. 42.02 (Vernon Supp.2004) ("The sentence is that part of the judgment ... that orders that the punishment be carried into execution in the manner prescribed by law."). However, the trial judge may not pronounce the sentence on a defendant in absentia. *See* Tex.Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp.2004).

In the instant case, on October 9, 1987, the trial judge presided over the punishment phase of appellant's trial, hearing testimony and the arguments of counsel. At the conclusion, he assessed punishment at eight years confinement and a fine of $2,500. However, sentence was not pronounced until May 30, 2002.

5. Appellant also argues in connection with this point of error that the trial judge should have waited to assess punishment until appellant was in custody. However, we agree with the State and hold this argument was not preserved. This argument is based on Federal Rule of Criminal Procedure 43, which does not authorize felony sentencing of an individual in absentia. However, this argument was not raised in the trial court. In fact, the case relied on by appellant to support this argument, *United States v. DeValle,* 894 F.2d 133, 136 n. 1 (5th Cir.1990), was not decided until three years after appellant absented himself.

alleged with a reasonable opportunity to meet the charges by defense or explanation. *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979); *Ex parte Edgerly,* 441 S.W.2d 514, 516 (Tex.1969). The right to presence is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, but the United States Supreme Court has recognized that this right is also protected by the Due Process Clause. *United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). The defendant's absence from a trial proceeding should be considered in light of the whole record. *Snyder v. Massachusetts,* 291 U.S. 97, 115, 54 S.Ct. 330, 78 L.Ed. 674 (1934). We, therefore, will consider appellant's due process argument in light of the record before us.

At the conclusion of the guilt phase of appellant's trial, the State asked the trial judge to order that appellant be taken into custody or, in the alternative, that the amount of his bond be increased. The trial judge refused these requests and engaged in the following exchange with appellant:

THE COURT: Well, we'll find out what kind of a man you are, [appellant]. You have heard the request from the State. You know what they think you are apt to do.

APPELLANT: Yes, sir.

THE COURT: I'll give you a chance to prove that you are man enough to stay and take the punishment that's going to be given to you, whatever it might be ... I will permit you to remain at large on your present bond, in view of the fact that you have appeared each time up to this point. But I'm the person to set punishment, and I'm sure that you're intelligent enough to know that there's nothing that would make a worse impression on the person that's going to

set punishment than for you to not be here or make any effort to—

APPELLANT: I know, sir.

THE COURT:—to escape. You understand that?

APPELLANT: Yes.

Subsequently, appellant, his father, and defense counsel met to discuss the possibility of an appeal. Thereafter, defense counsel was notified of the date of the punishment hearing. Both defense counsel and appellant's father made numerous attempts to notify appellant of the date. However, appellant was never notified.

As we view this record, the question is not *whether* appellant was notified of the punishment hearing. The record is clear that appellant did not receive notice. Rather, the question is *why* appellant did not receive notice. The answer is clear— appellant was not notified of the hearing by either his father, with whom he had been living, or his attorney because appellant had fled, choosing to make himself unavailable to receive notice. In other words, appellant did not receive notice as a result of his conduct, which made notice impossible.

█ Appellant's conduct precludes us from finding a denial of due process. A defendant who does not receive notice of a hearing because of his own misconduct will not be heard to complain of a lack of notice on appeal. *Taylor v. United States,* 414 U.S. 17, 18, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *Sanchez v. State,* 842 S.W.2d 732, 733 (Tex.App.-San Antonio 1992, no pet.). Accordingly, the second point of error is overruled.

The judgment of the trial court is affirmed.