11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Charles
Aaron Maines

Appellant

Vs.                   No.
11-03-00305-CR -- Appeal from San Jacinto County

State
of Texas

Appellee

 

A jury convicted appellant, Charles Aaron Maines,
of stalking.  TEX. PEN. CODE ANN. ' 42.072 (Vernon 2003).  Appellant elected to have the trial
court impose the sentence.  After
appellant pleaded true to 2 enhancement paragraphs, the trial court sentenced
him to 60 years confinement.  We
affirm.

Appellant, in his sole issue on appeal, claims
that the trial court abused its discretion when it failed to stop the trial and
convene a separate jury to consider his competency.  The parties agree that appellant was
competent during the first day of trial and that he was competent during the
punishment phase.  Appellant contends that he was not
competent during the second day of the guilt/innocence phase due to an overdose
of prescription pills after the first day of trial ended.  Because appellant acted voluntarily in
taking the overdose of prescription pills B even if the overdose affected his
competency at trial B appellant was not entitled to a competency
hearing.  See TEX.
CODE CRIM. PRO. ANN. art. 33.03 (Vernon 1989); Bottom v. State, 860
S.W.2d 266 (Tex.App. - Fort Worth 1993, no pet=n).








On May 19, 2003, with appellant present and
presumed competent, the venire panel was questioned, a jury was seated and
sworn, appellant was arraigned, and he pleaded not guilty.  The proceedings continued with the State=s opening statement and the examination
of the State=s first
witness by both the State and the defense. 
After the court recessed on May 19, appellant swallowed 52 prescription
drug pills and was taken to the hospital. 
Appellant remained in the hospital on May 20.  The court remained in recess on May 20,
telling the jury that there was Aa
medical problem in connection with the trial.@

On May 21, appellant was taken from the hospital
to the courtroom to continue the proceedings.  When appellant returned to the
courtroom, he held his head down on the books and did not rise for the
court.  According to the trial
court, appellant appeared Ato
be attempting to indicate that he [was] extremely sleepy or narcotized or
something.@  The trial court recessed and gave
counsel permission to visit with appellant prior to the start of the
proceedings.  After the recess, the
court asked appellant=s
counsel if he had anything to say about appellant=s
condition.  Appellant=s counsel told the trial court that his
client was, for the most part, incoherent and irrational during their
discussions.  Counsel also told the
court that he was now questioning appellant=s
competency to stand trial.  This was
the first time an issue regarding appellant=s
competency was raised.

After counsel raised these concerns, the trial
court held a competency inquiry to determine whether a competency hearing
before a separate jury was required. 
Under former TEX. CODE CRIM. PRO. art. 46.02, '
2(b) (2001), applicable to this case, a trial court would first conduct a hearing
out of the presence of the jury (a Acompetency
inquiry@) to
determine whether or not there was evidence to support a finding of
incompetency to stand trial. See Alcott v. State, 51 S.W.3d 596, 600-01
(Tex.Cr.App.2001).[1]  A hearing under former Article 46.02,
section 4 (a Acompetency
hearing@) was
required only if the evidence was such as to raise a bona fide doubt in the
judge=s mind as
to the defendant=s
competency to stand trial.  Collier
v. State, 959 S.W.2d 621, 625 (Tex.Cr.App.1997), cert. den=d, 525 U.S. 929 (1998).  The trial court below determined that
there was not enough evidence to impanel a separate jury to determine appellant=s competency.  By the afternoon of May 21, appellant=s counsel represented to the trial
court that, Awhatever
condition [appellant] was suffering from this morning, it seems -- it seems to
have resolved itself.@








We find
that a competency hearing was not required.  Appellant chose to overdose on
prescription drug pills.  When a
defendant voluntarily absents
himself after pleading to the indictment, or after the jury has been selected,
the trial may proceed to its conclusion. 
Article 33.03; Gonzales v.
State, 515 S.W.2d 920 (Tex.Cr.App.1974); Bottom v. State, supra. 
Because a defendant cannot avoid trial by intentionally disabling
himself, we overrule appellant=s issue.  Bottom
v. State, supra at 267.

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

June 9, 2005

Publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Former TEX. CODE CRIM. PRO. art. 46.02 (2001) has been replaced by TEX. CODE CRIM. PRO.
ANN. art. 46B.001 et seq. (Vernon Pamph. Supp. 2004 - 2005). The former version
applies to this case because it was in effect at the time the proceedings were
initiated.