NO. 07-04-0346-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 14, 2005



______________________________




JAYMIE B. TAYLOR, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-403292; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to an open plea of guilty, appellant Jaymie B. Taylor was convicted of
possession of less than one gram of methamphetamine, a state jail felony, and punishment
was assessed at two years confinement. In presenting this appeal, counsel has filed an
Anders (1) brief in support of a motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d
807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the court's judgment. Counsel has also shown that he sent
a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal
is without merit. In addition, counsel has demonstrated that he notified appellant of her
right to review the record and file a pro se response if she desired to do so. Appellant did
not file a response. (2) Neither did the State favor us with a brief.

 Following her open plea of guilty, appellant admitted she was in possession of
methamphetamine on July 4, 2003. She also testified she had two prior felony convictions
dating back to 1981 and 2000. Although clean for many years, she admitted to using drugs
again due to depression and other mental disorders. The focus of her testimony and that
of other witnesses was about her effort at rehabilitation and her work with church ministries.

 Sentencing proceedings were delayed almost two months pending a presentence
investigation report. Appellant did not appear at the sentencing hearing and her attorney
notified the court that she had contacted him a month earlier and indicated she had been
sick. Counsel also announced that bail bond personnel had assured him appellant had
been notified of the sentencing date. According to counsel, her husband was unaware of
her whereabouts and her cell phone was inoperative. 

 The hearing proceeded without appellant and the court took judicial notice of her
judicial confession. After defense counsel argued appellant's attempts at rehabilitation, the
trial court assessed punishment at two years confinement in a state jail facility.

 By the Anders brief, counsel raises three arguable grounds, to-wit: (1) potential error
in the plea proceedings; (2) sentencing appellant in absentia; and (3) legality of appellant's
sentence for a state jail felony. Counsel then concedes after his analysis that no reversible
error is presented.

 As his first arguable ground, counsel raises potential error in the plea proceedings
alleging appellant did not enter a plea of guilty as required by article 27.13 of the Texas
Code of Criminal Procedure Annotated (Vernon 1989). (3) The following colloquy occurred
at the hearing:

 Court: Ms. Taylor, you're here because your attorney has indicated to the
Court that you want to enter a plea of guilty today. Is that your understanding
of what you're doing here?

 Defendant: Yes, sir.

 Court: Okay. Do you understand that there is no plea bargain in this case?

 Defendant: Yes, sir.

 Court: Do you understand that what that means is by your entering a plea of
guilty today, if I accept your plea of guilty, that you're basically throwing
yourself on the mercy of the Court?

 Defendant: Yes, sir.


 Appellant was then admonished of her rights and informed of the charge against her
and range of punishment. The trial court asked, "[u]nderstanding all of that, do you still
want to enter a plea of guilty"? Appellant responded affirmatively and the court accepted
her guilty plea.

 Any complaint alleging deviation from article 27.13 should be evaluated under the
particular facts of that case to determine whether the trial court complied with the intent of
the statute. Costilla v. State, 146 S.W.3d 213, 271 (Tex.Cr.App. 2004). The statute does
not require an oral plea by the defendant. Id. See also Shields v. State, 608 S.W.2d 924,
927 (Tex.Cr.App. [Panel Op.] 1980) (concluding that failure to elicit a verbal guilty plea
from the defendant did not invalidate his conviction where the trial court complied with the
spirit and letter of article 27.13).

 Applying Costilla's pronouncement that each case should be reviewed under its
particular facts, we conclude that although appellant never personally spoke the words, "I
plead guilty," she answered affirmatively when asked by the court if she understood the
reason for her presence at the hearing and, after being admonished, whether she still
wished to plead guilty. We agree with counsel that no reversible error is presented. 

 Counsel next suggests possible error in proceeding with the sentencing hearing
without appellant's presence. Among other requirements, article 33.03 of the Code
requires a defendant's presence in all felony prosecutions; however, absent evidence to
the contrary, a presumption exists that a defendant was present for the whole trial if the
appellate record shows his presence at the commencement or any portion of the trial. (4) 
When a defendant voluntarily absents himself from trial after entering a plea, the
proceeding may continue to its conclusion. Gonzales v. State, 515 S.W.2d 920, 921
(Tex.Cr.App. 1974). 

 A motion for new trial is a prerequisite for a defendant to present a complaint on
appeal that he was tried in absentia. Tex. R. App. P. 21.3(a). Defense counsel filed a
timely motion for new trial alleging appellant was unable to attend the sentencing hearing
due to illness. The motion was not supported by an affidavit reflecting reasonable grounds
on which relief could be granted and no hearing was held on the motion. See Martinez v.
State, 74 S.W.3d 19, 21 (Tex.Cr.App. 2002) (en banc), citing King v. State, 29 S.W.3d 556,
569 (Tex.Cr.App. 2000).

 Counsel's assertion that appellant was absent at sentencing due to illness was
unsupported; the only other reference in the record to appellant's illness was in support of
a motion for continuance that had been granted almost a month earlier. Counsel informed
the court that appellant's husband was unaware of her whereabouts and she could not be
reached on her cell phone. Without evidence to refute that appellant's absence during
sentencing was other than voluntary, the trial court's assessment of punishment without
appellant's presence will not be disturbed. See Moore v. State, 670 S.W.2d 259, 261
(Tex.Cr.App. 1984) (en banc).

 By his final argument, counsel raises the legality of appellant's sentence. Appellant
was convicted of possession of less than one gram of methamphetamine, a state jail
felony. See Tex. Health & Safety Code Annotated § 481.115(a) & (b) (Vernon 2003). The
range of punishment for the offense is not more than two years or less than 180 days. Tex.
Pen. Code Ann. § 12.35(a) (Vernon 2003). Appellant's two year sentence is not illegal. 
 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Almost nine months after counsel filed the Anders brief, appellant filed
correspondence complaining she had been punished in absentia. That issue is raised by
counsel and reviewed in this opinion.
3. Article 27.13 provides in part, "[a] plea of guilty . . . in a felony case must be made
in open court by the defendant in person . . . .
4. Cf. Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) & (c) (describing assessment of
punishment) and art. 42.03, § 1(a) (providing for pronouncement of sentence).