NO. 07-04-0346-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 14, 2005

_____

JAYMIE B. TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-403292; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to an open plea of guilty, appellant Jaymie B. Taylor was convicted of

possession of less than one gram of methamphetamine, a state jail felony, and punishment

was assessed at two years confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of her right to review the record and file a *pro se* response if she desired to do so. Appellant did not file a response.[2] Neither did the State favor us with a brief.

Following her open plea of guilty, appellant admitted she was in possession of methamphetamine on July 4, 2003. She also testified she had two prior felony convictions dating back to 1981 and 2000. Although clean for many years, she admitted to using drugs

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]Almost nine months after counsel filed the *Anders* brief, appellant filed correspondence complaining she had been punished *in absentia.* That issue is raised by counsel and reviewed in this opinion.

2

again due to depression and other mental disorders.  The focus of her testimony and that of other witnesses was about her effort at rehabilitation and her work with church ministries.

Sentencing proceedings were delayed almost two months pending a presentence investigation report.  Appellant did not appear at the sentencing hearing and her attorney notified the court that she had contacted him a month earlier and indicated she had been sick.  Counsel also announced that bail bond personnel had assured him appellant had been notified of the sentencing date.  According to counsel, her husband was unaware of her whereabouts and her cell phone was inoperative.

The hearing proceeded without appellant and the court took judicial notice of her judicial confession.  After defense counsel argued appellant's attempts at rehabilitation, the trial court assessed punishment at two years confinement in a state jail facility.

By the *Anders* brief, counsel raises three arguable grounds, to-wit: (1) potential error in the plea proceedings; (2) sentencing appellant *in absentia*; and (3) legality of appellant's sentence for a state jail felony.  Counsel then concedes after his analysis that no reversible error is presented.

As his first arguable ground, counsel raises potential error in the plea proceedings alleging appellant did not enter a plea of guilty as required by article 27.13 of the Texas

Code of Criminal Procedure Annotated (Vernon 1989).[3]  The following colloquy occurred at the hearing:

> Court: Ms. Taylor, you're here because your attorney has indicated to the Court that you want to enter a plea of guilty today.  Is that your understanding of what you're doing here?
>
> Defendant: Yes, sir.
>
> Court: Okay.  Do you understand that there is no plea bargain in this case?
>
> Defendant: Yes, sir.
>
> Court: Do you understand that what that means is by your entering a plea of guilty today, if I accept your plea of guilty, that you're basically throwing yourself on the mercy of the Court?
>
> Defendant: Yes, sir.

Appellant was then admonished of her rights and informed of the charge against her and range of punishment.  The trial court asked, "[u]nderstanding all of that, do you still want to enter a plea of guilty"?  Appellant responded affirmatively and the court accepted her guilty plea.

Any complaint alleging deviation from article 27.13 should be evaluated under the particular facts of that case to determine whether the trial court complied with the intent of the statute.  Costilla v. State, 146 S.W.3d 213, 271 (Tex.Cr.App. 2004).  The statute does not require an oral plea by the defendant.  *Id*.  *See also* Shields v. State, 608 S.W.2d 924, 927 (Tex.Cr.App. [Panel Op.] 1980)  (concluding that failure to elicit a verbal guilty plea

---

[3]Article 27.13 provides in part, "[a] plea of guilty . . . in a felony case must be made in open court by the defendant in person . . . .

from the defendant did not invalidate his conviction where the trial court complied with the spirit and letter of article 27.13).

Applying *Costilla's* pronouncement that each case should be reviewed under its particular facts, we conclude that although appellant never personally spoke the words, "I plead guilty," she answered affirmatively when asked by the court if she understood the reason for her presence at the hearing and, after being admonished, whether she still wished to plead guilty. We agree with counsel that no reversible error is presented.

Counsel next suggests possible error in proceeding with the sentencing hearing without appellant's presence. Among other requirements, article 33.03 of the Code requires a defendant's presence in all felony prosecutions; however, absent evidence to the contrary, a presumption exists that a defendant was present for the whole trial if the appellate record shows his presence at the commencement or any portion of the trial.[4] When a defendant voluntarily absents himself from trial after entering a plea, the proceeding may continue to its conclusion. Gonzales v. State, 515 S.W.2d 920, 921 (Tex.Cr.App. 1974).

A motion for new trial is a prerequisite for a defendant to present a complaint on appeal that he was tried *in absentia*. Tex. R. App. P. 21.3(a). Defense counsel filed a timely motion for new trial alleging appellant was unable to attend the sentencing hearing

---

[4]*Cf.* Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) & (c) (describing assessment of punishment) and art. 42.03, § 1(a) (providing for pronouncement of sentence).

due to illness. The motion was not supported by an affidavit reflecting reasonable grounds on which relief could be granted and no hearing was held on the motion. *See* Martinez v. State, 74 S.W.3d 19, 21 (Tex.Cr.App. 2002) (en banc), citing King v. State, 29 S.W.3d 556, 569 (Tex.Cr.App. 2000).

Counsel's assertion that appellant was absent at sentencing due to illness was unsupported; the only other reference in the record to appellant's illness was in support of a motion for continuance that had been granted almost a month earlier. Counsel informed the court that appellant's husband was unaware of her whereabouts and she could not be reached on her cell phone. Without evidence to refute that appellant's absence during sentencing was other than voluntary, the trial court's assessment of punishment without appellant's presence will not be disturbed. *See* Moore v. State, 670 S.W.2d 259, 261 (Tex.Cr.App. 1984) (en banc).

By his final argument, counsel raises the legality of appellant's sentence. Appellant was convicted of possession of less than one gram of methamphetamine, a state jail felony. *See* Tex. Health & Safety Code Annotated § 481.115(a) & (b) (Vernon 2003). The range of punishment for the offense is not more than two years or less than 180 days. Tex. Pen. Code Ann. § 12.35(a) (Vernon 2003). Appellant's two year sentence is not illegal.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v.

Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.