

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00156-CR

JOHNNY LANCE DEAN ACUFF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 483rd District Court
Hays County, Texas[1]
Trial Court No. CR-21-0441-A, Honorable Tanner Neidhardt, Presiding

November 15, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

A jury found Johnny Lance Dean Acuff, Appellant, guilty of possession of a controlled substance, methamphetamine,[2] and the trial court assessed a punishment of thirty-five years of imprisonment. In this appeal, Appellant contends that he was denied his right to counsel of his choice and received ineffective assistance of counsel. He

---

[1] This appeal was transferred to this Court from the Third Court of Appeals by docket equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c).

further claims that the trial court erred in determining that he voluntarily absented himself from a portion of the trial and in defining "reasonable doubt" in the jury charge. We affirm.

## BACKGROUND

A San Marcos police officer found Appellant asleep at the wheel of a vehicle parked on the shoulder of a highway access road on January 27, 2021. Appellant, who had a suspended driver's license, admitted to the officer that he had cocaine in his pocket.[3] He was arrested and later charged with possession of methamphetamine, with intent to deliver, in an amount of one gram or more but less than four grams. His case was enhanced to habitual offender status based on two prior felony convictions.

Trial began on March 20, 2023. The record reflects that, following voir dire, Appellant approached the trial court to express dissatisfaction with his appointed trial counsel. He represented to the trial court that another attorney, Floyd Akers, "already said he would take the case" and he asked the trial court for a "reset." The trial court informed Appellant that "this is your trial date" and that the case was moving forward. The trial court added that if Akers arrived, they would re-address the situation then.

At the start of the next day, the prosecutor went on the record to recite that the State had extended two plea offers to Appellant, first for fifteen years and then for twenty. Appellant asked, "So Floyd Akers was never – made any kind of thing with you?" The prosecutor stated that Akers informed him that Appellant's mother hired Akers to do some investigative work and that he was not entering the case. Appellant's counsel stated that

---

[3] Testing later revealed that the substance was methamphetamine.

Akers told him "he was not planning on subbing in but that he had just been hired to talk to Mr. Acuff at the jail and sent that info to the DA's office." Appellant expressed a different understanding, namely that Akers would take the case if the trial court allowed it and that "whatever the offer was . . . [the prosecutor was] gonna come down to five."

Noting that the trial court had stated that he was not going to grant a continuance, the prosecutor said, "At this point, there are no more live offers on the table. We're proceeding to jury trial, the minimum penalty is 25." Appellant responded, "That's fine. Because you caused that. I mean, because if you wouldn't have called the attorney my mom hired and talked to him out of the case [sic] then none of this would have ever happened." The prosecutor explained that he had "merely informed [Akers] that Judge had indicated we would have to try the case Monday." Soon thereafter, before the jury was brought in, Appellant again approached the bench. After hearing from Appellant, the trial court restated its intent for the trial to proceed and advised Appellant to communicate with his attorneys. Appellant stated, "If – if – if I could get a few days reset, Floyd Akers said he would take the case." The trial court reiterated that the case had begun, the jury was ready, and the trial was moving forward.

The case was tried by Appellant's court-appointed counsel. The jury found Appellant guilty and the trial court assessed punishment. This appeal followed.

## ANALYSIS

In his first issue, Appellant asserts that he was denied his right to select the counsel of his choice in violation of the federal and state constitutions. A defendant in a criminal proceeding is guaranteed the right to have assistance of counsel by the federal and state

3

constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. "The right to assistance of counsel contemplates the defendant's right to obtain assistance from counsel of the defendant's choosing." *Gonzalez v. State*, 117 S.W.3d 831, 836–37 (Tex. Crim. App. 2003). But while a defendant generally has the right to retained counsel of his choice, an indigent defendant does not have the right to the appointment of a particular attorney. *Stearnes v. Clinton*, 780 S.W.2d 216, 221 (Tex. Crim. App. 1989). Further, the right to counsel of the defendant's choice is not absolute but may be "circumscribed" by other Sixth Amendment considerations relating to the integrity of the judicial process and the fair and orderly administration of justice. *Bowen v. Carnes*, 343 S.W.3d 805, 811–12 (Tex. Crim. App. 2011) (original proceeding) (*citing Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988)). "Among other things, a trial court has wide latitude in balancing the right to counsel of choice against the needs of fairness and the demands of its calendar." *Scales v. State*, No. 04-12-00435-CR, 2014 Tex. App. LEXIS 1744, at *20 (Tex. App.—San Antonio Feb. 19, 2014, pet. ref'd) (mem. op., not designated for publication) (*citing United States v. Gonzalez-Lopez*, 548 U.S. 140, 151–52, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006)). A defendant may not manipulate his right to chosen counsel so as to obstruct orderly court procedures or to interfere with the fair administration of justice. *Id.*

Here, the trial court appointed trial counsel for Appellant and later appointed second-chair trial counsel. As set forth above, Appellant told the trial court, after voir dire, that he was dissatisfied with his appointed counsel, wanted a reset, and believed another attorney would take his case. The record contains no indication that Appellant's indigent

4

status had changed.[4]  As an indigent defendant, Appellant was not entitled to the appointment of a particular attorney.  *Stearnes*, 780 S.W.2d at 219; *see also Wheat*, 486 U.S. at 159 ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.").  Moreover, from the circumstances presented, the trial court reasonably could have concluded that granting Appellant's request would have "disrupted orderly court procedure and greatly inconvenienced not only the trial court, but the . . . jurors who had been waiting."  *Scales*, 2014 Tex. App. LEXIS at *24.

We find no error in the trial court's decision to proceed with trial despite Appellant's effort to seek a reset and engage new counsel.  Accordingly, we overrule Appellant's first issue.

Appellant next asserts that he received ineffective assistance of counsel.  Appellant's claim is based on his trial counsel's decision to make a record, outside the presence of the jury and State's counsel, regarding counsel's hiring of an investigator, efforts to meet with Appellant, and efforts to develop the defense theory advanced by Appellant.  Appellant claims that by sharing this information with the trial court, his trial counsel violated confidentiality and assassinated his character.

To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687, 691–92, 104 S. Ct.

---

[4] Appellant is represented by court-appointed counsel in this appeal.

2052, 80 L. Ed. 2d 674 (1984).  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness.  *Id.* at 697.  For an appellate court to find that counsel was ineffective, "counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation."  *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2002).  Direct appeal is usually an inadequate vehicle to raise this claim because the record is generally undeveloped.  *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Trial counsel should ordinarily have an opportunity to explain his actions before an appellate court denounces his actions as ineffective.  *Id.*

Appellant's trial counsel did not state on the record why he chose to make a record of the referenced matters, although Appellant suggests it was an effort to ward off claims of ineffective assistance or unpreparedness.  Appellant did not file a motion for new trial, and trial counsel thus has not had an opportunity to explain or defend his strategy.  In the absence of such information, we cannot say that trial counsel's conduct was so outrageous that no competent attorney would have engaged in it.  *See Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (when record is silent as to trial counsel's strategy, appellate court will not speculate as to reasons behind counsel's actions).

Appellant has not established that trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.  *Strickland*, 466 U.S. at 687–88.  Having determined that Appellant failed to establish the first prong of the *Strickland* test, we need not consider whether he was prejudiced by the allegedly deficient performance.  *See id.* at 697.  We overrule Appellant's second issue.

In his third issue, Appellant contends the trial court erred in determining that Appellant voluntarily absented himself from a portion of the trial. Appellant's claim arises from a moment when he was briefly removed from the courtroom by deputies after he and his mother made verbal outbursts and Appellant threw a water bottle across the courtroom.[5] We review the trial court's decision that a defendant was voluntarily absent for an abuse of discretion. *Papakostas v. State*, 145 S.W.3d 723, 725 n.2 (Tex. App.—Corpus Christi 2004, no pet.).

Under the Sixth Amendment of the United States Constitution and Article I, section 10 of the Texas Constitution, "within the scope of the right of confrontation is the absolute requirement that a criminal defendant who is threatened with loss of liberty be physically present at all phases of proceedings against him, absent a waiver of that right through defendant's own conduct . . . ." *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985) (en banc) (citations omitted). A defendant's right to be present at his trial is unwaivable until such time as the jury has been selected, but once a jury has been selected, a trial may be continued in the voluntary absence of the defendant. *Id.* at 91; *Moore v. State*, 670 S.W.2d 259, 260–61 (Tex. Crim. App. 1984) (en banc).

We find no error in the trial court's implicit conclusion that Appellant's brief absence from the proceedings was voluntary. The record reflects that Appellant made a verbal outburst in open court and threw a water bottle across the courtroom. The trial judge then left the bench and Appellant was removed from the courtroom. In Appellant's absence, the trial court returned and stated on the record what had occurred. The court then

---

[5] Both sides had rested and closed, and the jury was not present at the time of the outbursts.

7

informed counsel for both parties, "So what we will do is I am going to go finish up the Jury Charge. I'd like you both back here at 12:30 and I will give you both your copy." Shortly thereafter, the court was in recess for lunch. After the recess, the proceedings resumed with Appellant present.

Neither Appellant nor his counsel made any objection to the brief exchange that occurred in Appellant's absence. Nor did they contest the determination that Appellant voluntarily and deliberately brought about his absence through his own conduct. We conclude that the trial court did not err. *See, e.g., Heard v. State*, 887 S.W.2d 94, 98–99 (Tex. App.—Texarkana 1994, pet. ref'd) (holding absence voluntary when caused by self-induced intoxicated condition). Appellant's third issue is overruled.

Finally, Appellant asserts that the trial court improperly included a definition of "reasonable doubt" in the jury charge. During the charge conference, Appellant's counsel objected to the charge including the sentence, "It is not required the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all 'reasonable doubt' concerning the defendant's guilt." We review alleged jury charge error in two steps, first to determine whether error exists and then, if so, to determine whether sufficient harm resulted to require reversal. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015).

In *Navarro v. State*, 623 S.W.3d 97, 105–07 (Tex. App.—Austin 2021, pet. ref'd), the Third Court of Appeals addressed the question of whether it was error to include this

same sentence in a jury charge. After reviewing the history of the instruction,[6] the Third Court determined, based on the Court of Criminal Appeals' holding in *Woods v. State*, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004), that including it was not erroneous. Following the reasoning and precedent of the Third Court, we conclude that the trial court did not err by including the challenged sentence. We overrule Appellant's final issue.

### CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.

---

[6] The sentence is known as "paragraph [3]" of the *Geesa* instruction, referring to the six-paragraph jury instruction on reasonable doubt set forth in *Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991). The Court of Criminal Appeals subsequently overruled *Geesa*. *See Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).