**Claude Arch ROSS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–85–00559–CR.**

Court of Appeals of Texas,
Dallas.

June 11, 1986.

Gilbert P. Howard, Dallas, for appellant.

John P. Knouse, Dallas, for appellee.

Before AKIN, HOWELL and HOLL-INGSWORTH, JJ.

HOWELL, Justice.

Claude Arch Ross, Jr. appeals from his conviction for burglary of a habitation. In two points of error he argues that the trial court erred 1) in admitting an in-court identification that had been tainted by an improper photographic show-up, and 2) in refusing to instruct the jury on accomplice testimony in regard to one of the witnesses against appellant. Finding no reversible error, we affirm the trial court's judgment.

Appellant directs his first ground of error to the in-court identification of appellant made by accomplice witness Gilbert Cavillo. Cavillo testified that when the police questioned him about the burglary they stated, "We got Claude Ross." Cavillo did not recognize appellant's name because he knew appellant only by his street name of "Weasel." The officers then showed a photograph of appellant to Cavillo who identified appellant as one of the participants in the burglary. Appellant argues that showing the photograph to Cavillo was impermissibly suggestive. We do not agree.

██ We must determine from the totality of the circumstances whether the identification technique was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." *Sto-*

*vall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). Even where the type of identification used is unnecessarily suggestive, the key determination is the reliability of the identification. *Manson v. Braithwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). A conviction based on a suggestive photographic identification procedure will be overturned only where there is a substantial likelihood of misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *Turner v. State*, 614 S.W.2d 144, 145, 146 (Tex.Crim.App.1981). Factors employed in evaluating the reliability of a procedure in a given case include the witness's opportunity to observe the defendant, the degree of the witness's attention, the accuracy of prior descriptions, the degree of certainty of the witness in regard to the identification and the amount of time separating the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 191, 93 S.Ct. 375, 378, 34 L.Ed.2d 401 (1972); *Jackson v. State*, 657 S.W.2d 123, 129–30 (Tex.Crim.App.1983).

██ Clearly, Cavillo's identification of appellant is sufficiently reliable. In the month and a half he had known appellant, he certainly had sufficient opportunity to observe him. Cavillo never expressed any equivocation as to the identification. Only one week elapsed between the burglary and Cavillo's identification of appellant. The rules regarding suggestive identification procedures contemplate a witness, unfamiliar with the person identified, who might identify a defendant mistakenly if exposed to inherently suspect techniques such as one-man show-ups. *Manson v. Braithwaite*, 432 U.S. at 106, 97 S.Ct. at 2249. That danger is largely removed where the witness has been acquainted with the defendant over a substantial period of time. Generally speaking, suggestive line-up claims can only arise when the witness has seen the defendant no more than once or twice at brief instances, a situation poles apart from the case at bar. Ground one is overruled.

Appellant next contends that the trial court erred in refusing to submit a requested instruction that the jury was permitted to find that a witness, Amy Warren, was an accomplice as a matter of fact. Article 38.14 of the Code of Criminal Procedure provides:

"a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense."

■ The rules governing the application of the statute are well established and can be summarized as follows:

1) An accomplice witness is one who has participated with another before, during or after commission of a crime.

2) Whether an individual is an accomplice depends on whether the individual, acting with intent to promote or assist in the commission of the crime, solicits, encourages, directs, aids, or attempts to aid in commission of the offense.

3) The test to determine whether a witness is an accomplice is whether a prosecution will lie against him under the indictment by which the accused was charged.

4) Where there is a conflict in the evidence, the court should charge the jury on whether the witness was an accomplice as a matter of fact.

5) A witness is not an accomplice solely by virtue of presence at the scene of the crime or merely for failing to disclose the offense.

*Harris v. State,* 645 S.W.2d 447, 457–58 (Tex.Crim.App.1983); *Villarreal v. State,* 576 S.W.2d 51, 56 (Tex.Crim.App.1978); *Ferguson v. State,* 573 S.W.2d 516, 523 (Tex.Crim.App.1978); *In the Matter of J.R.R.,* 689 S.W.2d 516, 518 (Tex.App.—Fort Worth 1985, no pet.); *Crew v. State,* 675 S.W.2d 787, 788–90 (Tex.App.—Dallas 1984, no pet.); *Emmett v. State,* 654 S.W.2d 48, 49 (Tex.App.—Dallas 1983, no pet.).

■ The evidence discloses that Amy Warren, a minor, was returning home from the store when she saw appellant, a person she knew, carrying a microwave oven. She followed appellant to an apartment also occupied by persons with whom she was acquainted. There she learned about the burglary and saw appellant and others enter the apartment with stolen goods. When it was learned that police were outside in the parking lot, Cavillo told Warren and another woman to lock the door and Warren apparently did so. Cavillo told the two women not to reveal his identity if asked. Warren indicated assent by nodding her head. The burglars, Warren, and the other woman left the apartment. Warren and the other female walked across the street in search of the companion's boyfriend. The police intercepted them en route and they all returned to the apartment where the stolen goods were stored. Upon questioning, Warren cooperated fully, revealing the identities of the burglars.

Warren's participation amounted to nothing more than mere presence at a criminal event. She did nothing to assist or encourage the burglary. She took no affirmative steps to conceal the fruits of the crime or the participants therein other than to lock the door. However, she promptly departed before anyone came to the door seeking entry. Although she may have indicated agreement not to implicate Cavillo, she did nothing to carry out that agreement; to the contrary, she assisted the police as soon as she was confronted. Her agreement did not further the offense in any way nor did it frustrate its investigation. We conclude on the basis of the evidence presented, that Warren could not have been prosecuted upon an indictment the same as the one rendered against appellant and therefore as a matter of law she was *not* an accomplice. No instruction was necessary. Ground of error two is overruled.

The judgment of the trial court is affirmed.