**Roberto SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–91–00505–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 16, 1992.

David Biagas, Laredo, for appellant.

Indalecio R. (Andy) Guardiola, Asst. Crim. Dist. Atty., Laredo, for appellee.

Before PEEPLES, BIERY and GARCIA, JJ.

## OPINION

GARCIA, Justice.

A jury found appellant, Roberto Sanchez, guilty of burglary of a habitation and assessed him a forty-five year prison sentence. On appeal, he alleges three points of error. We overrule each point of error and affirm the trial court's judgment.

■ In his first and second points of error, appellant contends that the trial court erred in denying the motion for continuance and proceeding to trial without him. He was present at jury selection on July 22, 1991. However, at trial, three days later, he was absent. Upon the court's inquiry, appellant's counsel stated that he had "tried to call him at least six times yesterday" without any success. Appellant urged a motion for continuance in order to assure appellant's presence. The trial court denied his motion and proceeded to trial pursuant to TEX.CODE CRIM.PROC. ANN. § 33.03, which provides, in part, that a trial may proceed without the defendant when the absence is voluntary.

Appellant contends that proceeding without him was a violation of his federal and state constitutional and statutory right of confrontation. U.S. CONST. amends. VI, XIV; TEX. CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. arts. 1.05, 1.25 (Vernon 1965). Appellant argues that Article 33.03 is in direct conflict with these rights, and that the law should favor the application and adherence to the constitutional right. In effect, appellant argues that given the constitutional magnitude of his right of confrontation, the court abused its discretion in denying his continuance motion and proceeding to trial without him. Appellant's counsel's arguments are thought provoking, but not persuasive. These constitutional rights are provided to those defendants who attend their own trial.

There is no evidence in the entire record that suggests appellant was absent from the courthouse for reasons other than his own voluntary act. Further, we have no record of the new trial motion proceeding wherein the appellant could have explained his absence. The busy trial courts of our state cannot stop the wheels of an already burdened criminal justice system because a defendant chooses to be absent from his own trial. *See Gonzales v. State*, 515 S.W.2d 920 (Tex.Crim.App.1974). *See also Nauls v. State*, 762 S.W.2d 336 (Tex.App.— San Antonio, 1988, no pet.) (defendant was in courtroom the afternoon before, was ordered to appear the next morning, did not appear, and provided no communication or explanation to court). In a day of modern communication systems, an absent defendant has some responsibility by contacting at least his attorney, or otherwise communicating with the court about his absence. And, if that is impossible, then at the next earliest opportunity, the court must be in-

formed of his reasons for his absence. There being no record in this matter, we overrule appellant's first and second points of error.

■ In his third and final point of error, appellant contends that the trial court erred in admitting photographs to identify the absent appellant without the proper predicate being first laid which were prejudicial and prepared in the absence of counsel. He argues that there is no record that defense counsel was given an opportunity to be present when the photo line-up was prepared; a critical stage after the indictment. *See Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *United States v. Wade* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

Appellant's reliance on *Kirby* and *Wade* is misplaced since those cases involved the U.S. Supreme Court's ruling on different issues than in the present case. *Kirby* and *Wade* involved issues of right to counsel and suggestiveness of *pre-trial*, post-indictment and post-arrest photo lineups. In the present case, there were no pre-trial photo lineups conducted, nor were there any live lineups for that matter. A witness, Norma Acosta, picked appellant out of an in-court photo lineup as the person who went into her house. Another witness, Braulio Acosta, picked appellant out of an in-court photo line-up as the person he chased down minutes after the burglary and who he found had his wife's jewelry still in his possession. Both witnesses know the defendant as being someone they know in the neighborhood, thus creating an independent origin of possible identification.

■ Even if an improper pre-trial identification procedure had been used here, when a witness is able to identify because of an origin independent of an alleged improper pre-trial identification procedure, such testimony is admissible at trial. *Waller v. State*, 648 S.W.2d 308 (Tex.Crim.App. 1983). The key is the reliability of the identification. *Ross v. State*, 715 S.W.2d 55, 56 (Tex.App.—Dallas 1986, no pet.). *Vester v. State*, 684 S.W.2d 715, 722 (Tex. App.—Amarillo), *aff'd per curiam*, 713

S.W.2d 920 (Tex.Crim.App.1986). A conviction based on a suggestive photographic identification procedure will be overturned only where there is a substantial likelihood of misidentification. *Turner v. State*, 614 S.W.2d 144, 145–46 (Tex.Crim.App.1981). Factors employed in evaluating the reliability of a procedure in a given case include the witness's opportunity to observe the defendant, the degree of the witness's attention, the accuracy of prior descriptions, the degree of certainty of the witness in regard to the identification, and the amount of time separating the crime and the confrontation. *Jackson v. State*, 657 S.W.2d 123, 129–30 (Tex.Crim.App.1983).

Here, the witness identified photo number three, that of Roberto Sanchez, the defendant, as the one who committed a burglary at his home. Both witnesses knew defendant already, had more than sufficient opportunity to observe the defendant, as when witness Braulio chased him down, and their testimony shows they had a very high degree of certainty about their identification.

We overrule appellant's third and final point of error. We affirm the judgment of the trial court.