ACCEPTED
06-14-00210-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/23/2015 5:19:28 PM
DEBBIE AUTREY
CLERK

No. 06-14-00210-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/24/2015 9:00:00 AM
DEBBIE AUTREY
Clerk

## IN THE SIXTH COURT OF APPEALS
## TEXARKANA, TEXAS

ZACKERY JAMARCIER SUMMAGE

Appellant,

v.

THE STATE OF TEXAS

Appellee.

Appealed from the 71st District Court of
Harrison County, Texas
Trial Cause No. 14-0058X

APPELLEE'S BRIEF

Timothy J. Cariker
Assistant District Attorney
State Bar No. 24009942
Harrison County District Attorney's Office
200 West Houston Street
Marshall, Texas 75670
Telephone: 903-935-8408

ATTORNEY FOR APPELLEE
STATE OF TEXAS

**IDENTITY OF PARTIES AND COUNSEL**

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.      Presiding Judge:          Honorable Brad Morin
                                            71st Judicial District
                                            Marshall, Texas 75670

2.      Appellant:      Zackery Jamarcier Summage

3.      Appellant's Counsel (at trial):          Cheryl Cooper-Sammons
                                                              Attorney at Law
                                                              P.O. Box 8517
                                                              Marshall, TX 75671

4.      Appellant's Counsel (on appeal)          Troy Hornsby
                                                              Miller, James, Miller & Hornsby
                                                              1725 Galleria Oaks Drive
                                                              Texarkana, TX 75503

5.      State's Counsel (at trial):          Shaun Connally & Johnathan Hyatt
                                                      Harrison County District Attorney
                                                      200 West Houston Street
                                                      Marshall, Texas 75670

6.      State's Counsel (on appeal):          Timothy J. Cariker
                                                          Assistant District Attorney
                                                          Coke Solomon
                                                          District Attorney
                                                          Harrison County District Attorney
                                                          200 West Houston Street
                                                          Marshall, Texas 75670

**TABLE OF CONTENTS**

Identity of Parties and Counsel ..............................................................................i

Table of Contents ................................................................................................ii

Index of Authorities ............................................................................................1

Issues Presented…………………………………………………………………...2

Statement of the Case .........................................................................................3

Statement of Facts...............................................................................................4

Summary of Argument.........................................................................................7

Argument and Authorities

       I).      **BASED ON THE SUPPLEMENTAL RECORD FILED BY THE DISTRICT CLERK, ISSUES ONE AND THREE ARE MOOT BECAUSE IT CONTAINS BOTH THE APPELLANT'S AND THE STATES' JURY LISTS WITH ACCOMPANYING STRIKES** ………………………………...……………….8

       II).     **THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN COMMENCING THE TRIAL AFTER THE APPELLANT HAD VOLUNTARILY ABSENTED THE PROCEEDINGS** …………………………………………………………………………..9

           A). Standard of Review .......................................................................9

           B). Argument and Authorities……....................................................9

Prayer for Relief.................................................................................................13

Certificate of Compliance..................................................................................13

Certificate of Service.........................................................................................14

**INDEX OF AUTHORITIES**

**Texas Court of Criminal Appeals**

*Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984)……………………. …...………..9

**Texas Court of Appeals**

*Hudson v. State*, 128 S.W.3d 367, 375 (Tex. App.—Texarkana 2004, no pet.)…………………9

*Nauls v. State*, 762 S.W. 2d  336 (Tex. App. – San Antonio 1988) …………….…………..9, 11

*Papakostas v. State*, 26 145 S.W.3d 723, 725 n.2 (Tex. App.—Corpus Christi 2004, no pet.)…9

*Sanchez v. State*, 842 S.W. 2d 732 (Tex. App. – San Antonio 1992) ……………...…….10, 11

*Vasquez Mata v. State*, 2002 WL 1765582 (Tex. App. – Corpus Christi 2002)…….………10, 12

**ISSUES PRESENTED**

I.   BASED ON THE SUPPLEMENTAL RECORD FILED BY THE DISTRICT CLERK, ISSUES ONE AND THREE ARE MOOT BECAUSE IT CONTAINS BOTH THE APPELLANT'S AND THE STATES' JURY LISTS WITH ACCOMPANYING STRIKES

II.  THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN COMMENCING THE TRIAL AFTER THE APPELLANT HAD VOLUNTARILY ABSENTED THE PROCEEDINGS

**STATEMENT OF THE CASE**

The Appellant was charged by indictment with the offense of Assault of a Public Servant alleged to have occurred on October 15, 2013. (CC-2). Voir Dire commenced on November 3, 2014. (RR2). Trial on the merits commenced on November 6, 2014. (RR3). At the conclusion of the trial the Appellant was sentenced to 8 years incarceration. (RR3 – 207).

# STATEMENT OF FACTS

Since one of the Appellant's issues involves the court's decision to start trial while the Appellant was absent, it is important to look at the Appellant's actions at both voir dire and trial on the merits.

At voir dire, the court called the case and discovered the Appellant was not present. (RR 2-4). The state moved for a bond forfeiture. (RR 2-4). The court informed counsel that if the Appellant was not present by 9:00a.m. that the bond forfeiture would issue. (RR 2-5). Later counsel for the Appellant informed the court that the Appellant had appeared.

At trial on the merits the following discussion occurred before the jury panel was brought in:

> MRS COOPER-SAMMONS: Your Honor, I haven't seen my client. I can check my phone. I was on the third floor looking at a video that was just recently presented to me as the edited tape on this case. My client did text me earlier to say he was on his way. I know he's coming from the Shreveport area, Your Honor.
>
> THE COURT: I'm ready to proceed. And I have – I mean, this showing up late every single time is getting really tiring, Ms. Cooper-Sammons. And I know that he was like this the other day, so…..
>
> MS. COOPER-SAMMONS: I will just go ahead – if you would give me a moment just to text him and let him know that we're starting the trial. If you would allow me that courtesy to text him that information.
>
> THE COURT: I will.
>
> MS. COOPER-SAMMONS: Thank you.
>
> THE COURT: His other option is he can be bond forfeited and he can sit in jail until we get another jury.

4

MR. CONNALLY: Well, I'm moving for a bond forfeiture at this time judge.

MS. COOPER-SAMMONS: If I can just have a moment to call him and see where he is, Your Honor.

THE COURT: You can do that. I'm still going to issue a bond forfeiture. Mr. Denny, I need you to call for the defendant, Zachery Summage.

THE BAILIFF: Yes, sir.

THE COURT: You can – if you wish to call him Ms. Cooper-Sammons.

(Pause in Proceedings)

MS. COOPER-SAMMONS: I was able to speak to my client. He says he's ten minutes away.

THE COURT: You know, his liberty's at stake, Ms. COOPER-Sammons, and I instructed him to be here at 8:30. So when Mr. Denny comes back, a bond forfeiture will issue if he does not appear. I will make sure that he's give us the rest of the day. I can do that.

MS. COOPER-SAMMONS: Okay. Your Honor, he did also let me know something came up with his mother and as an extenuating circumstance, that he had to assist her in some issue. She's got a medical condition, and he had to assist her to do something this morning, and that's why he is late. That's all I can tell you, Your Honor.

MR. CONNALLY: And did not deem it worthy to contact either his lawyer or the Court to inform anyone of said situation.

THE COURT: Mr. Denny, was there any response for Zachery Summage?

THE BAILIFF: No response, Your Honor.

THE COURT: Bond Forfeiture will be issued. Bring in the jury please.

THE BAILIFF: Yes, sir.

(Jury enters the courtroom)

(Open court, no defendant, jury present).

THE COURT: I need for the jury to please remain standing. If your raise your right hands.

(Jury sworn.)

Once the jury was sworn they heard the following facts:

The State proved that Zachery Summage's automobile was broken down on the side of the interstate. (RR3, 24). A tow truck driver, who was attempting to assist Summage, smelled marijuana and contacted the police. (RR 3, 26-29). A sheriff's deputy obtained Summage's permission to search Summage's automobile. (RR 3, 56). The deputy located a small amount of marijuana and $8,000 - $10,000 in cash. (RR 3, 62). Summage grabbed the cash from the deputy, struck the deputy in the face with his fist and fled to nearby wood with the cash. (RR 3, 67).

**SUMMARY OF ARGUMENT**

Having been convicted of Assault of a Public Servant and sentenced to 8 years incarceration, the Appellant raises three issues on appeal. Issues one and three deal with jury selection. Issue two deals with the Appellant's absence at the start of the trial on the merits.

In Issues one and three Appellant submits error may have occurred because the record did not reflect whether peremptory strikes had been made and whether the first twelve eligible panelists had been seated. The supplemental clerk's record shows that the peremptory strikes were used and the first twelve eligible jurors were seated. As such these points are moot.

In Issue two, Appellant claims error occurred because the court started trial on the merits without the Appellant being present. The record reflects that the Appellant through counsel was given a choice and elected on behalf of the Appellant to proceed on the merits. As such this point should be overruled.

**ISSUE NUMBER ONE**

I.      BASED ON THE SUPPLEMENTAL RECORD FILED BY THE DISTRICT CLERK, ISSUES ONE AND THREE ARE MOOT BECAUSE IT CONTAINS BOTH THE APPELLANT'S AND THE STATES' JURY LISTS WITH ACCOMPANYING STRIKES

In Issue one the Appellant raises potential error based on the record not reflecting the exercise of peremptory challenges. On Issue three the Appellant raises potential error over whether the record reflects the first twelve eligible panelists were seated. The supplemental clerk's record addresses Issue one at pages 10 – 11 and Issue three at pages 4 – 6. Based on this these the two issues are moot, and should be overruled.

**ISSUE NUMBER TWO**

I.      THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN COMMENCING THE TRIAL AFTER THE APPELLANT HAD VOLUNTARILY ABSENTED THE PROCEEDINGS

A)      Standard of Review

An appellate court should review the trial court's determination that a defendant is voluntarily absent for abuse of discretion. *Papakostas v. State*, 26 145 S.W.3d 723, 725 n.2 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984) (en banc)). In most cases, appellate courts must determine from hindsight the validity of the trial court's voluntariness determination. *Hudson v. State*, 128 S.W.3d 367, 375 (Tex. App.—Texarkana 2004, no pet.). In this review, courts are not limited only to the record before the trial court at the time of its ruling. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984). As long as there is "some evidence" supporting the trial court's determination, the appellate court should not disturb the ruling absent evidence from the defendant showing that his absence was involuntary. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984).

B)      Argument and Authorities

The Appellant properly raises whether this issue has been preserved for review. The general rule is that when a trial court proceeds without the presence of the accused then counsel must preserve the potential error. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984) (oral motion for 24 hour continuance); *Nauls v. State*, 762 S.W. 2d 336 (Tex. App. – San Antonio 1988) (oral motion

9

for continuance); *Sanchez v. State*, 842 S.W. 2d 732 (Tex. App. – San Antonio 1992) (oral motion for continuance); *Vasquez Mata v. State*, 2002 WL 1765582 (Tex. App. – Corpus Christi 2002) (Request for continuance). In the Appellant's case the Appellant claims the following was a request for a continuance:

> "Your Honor, I haven't seen my client. I can check my phone. I was on the third floor looking at a video that was just recently presented to me as the edited tape on this case. My client did text me earlier to say he was on his way. I know he's coming from the Shreveport area, Your Honor."

A review of this statement never reveals a sentence ending in a question mark which would denote a request. In fact counsel is not making a request, but instead is making statements providing information. In fact it is in the next statement to the court where counsel seems to make a request, and it is not for a continuance which is as follows:

> "I will just go ahead – if you would give me a moment just to text him and let him know that we're starting the trial. If you would allow me that courtesy to text him that information."

Reading the two statements by counsel reveals that no request for a continuance was made nor was an objection made with regards to proceeding with the trial on the merits. As such mothing has been preserved for review and this point of error should be overruled.

Assuming the Court disagrees and finds error was preserved, Appellee submits the court did not abuse its discretion based on the following:

10

1. The court presented counsel with an alternative which was rejected;

2. The Appellant by prior conduct had expressed an ambivalent attitude to proceedings;

3. Cases where Appellant's developed a plausible excuse have not been reversed on appeal.

In the Appellant's case the court stated to counsel the following:

"His other option is he can be bond forfeited and he can sit in jail until we get another

jury."

To this option counsel responded that they would try to contact their client which means counsel had

rejected the option for a mistrial which at that moment was a viable alternative. Based on this

rejection, it cannot be held that the court abused its discretion by proceeding.

Prior to the trial on the merits, the Appellant was not on time for voir dire proceedings. This taken in

to account with the inability to appear timely for the trial on the merits shows that the Appellant was

ambivalent towards the case. As stated in *Sanchez*, at some point the accused has some

responsibility when the Court said "The busy trial courts of our state cannot stop the wheels of an

already burdened criminal justice system because the defendant chooses to be absent…..In a day of

modern communication systems an absent defendant has some responsibility…" *Sanchez* 842 S.W.

2d at 733. In the Appellant's case, the Appellant did nothing to take a responsible approach, so it

cannot be held the court abused its discretion by proceeding.

In *Nauls*, the record from the motion for new trial showed that the Appellant's girlfriend had to be

taken to hospital on the morning of the trial, and an emergency procedure on the morning of the trial,

and that it was what caused the Appellant's absence. *Nauls*, 762 S.W. 2d at 388. The Court held it

11

was not an abuse of discretion, and the Court would not disturb the trial court's ruling. In ***Vasquez Mata***, similar facts involving a hospital visit occurred; yet, again it was not an abuse of discretion to proceed. In the Appellant's case there is a vague allusion to a family member and a medical condition, but as discussed above this did not make Appellant's absence involuntary.

## PRAYER FOR RELIEF

Based on the foregoing, the Appellee prays that the Appellant's conviction and sentence be affirmed.

Respectfully Submitted,

Timothy J. Cariker, Assistant District Attorney
Harrison County District Attorney
200 West Houston Street
Marshall, Texas 75670

By:  */S/  Timothy J. Cariker*
_____
Timothy J. Cariker
State Bar No. 24009942

## CERTIFCATE OF COMPLIANCE

I certify that this brief contains <u>2462</u> words according to the computer program used to prepare this document.

/S/ *Timothy J. Cariker*
By: _____
Timothy J. Cariker

13

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been delivered to all counsel of record, on this the 23rd day of July, 2015.

*/S/ Timothy J. Cariker*

_____

Timothy J. Cariker